JAMES LONGPREY AND ANOTHER, RESPONDENTS, *v.* ARTHUR G. YATES, APPELLANT.

*Complaint — when the same transaction or instrument may be set out in more than one count — Code of Civil Procedure, secs.* 481, *sub.* 2.

The plaintiff, in the first count of his complaint, alleged that he did certain work for the defendant, and expended in so doing the sum of seven dollars, and that in consideration thereof the defendant promised to pay the sum of $2,563.35 for the said work, and repay the sum so expended. The second count alleged that he did work for the defendant, that the latter promised to pay the value thereof, and that it was worth the sum of $2,563.35. The work alleged in each count was the same. Upon a motion to compel the plaintiff to elect between the first and second count and to strike out the other,

the plaintiff read affidavits showing that the contract, in pursuance of which the work was done, was made partly with the defendant, personally, and partly with a third person, who was claimed to be the defendant's agent. *Held,* that the motion was properly denied.

*Birdseye* v. *Smith* (32 Barb., 217), and *Velie* v. *The Newark City Insurance Company* (65 How., 1), followed.

APPEAL from an order made at a Special Term denying a motion to compel the plaintiffs to elect between the first and second counts of their complaint, and to strike out, etc.

*Shepard & Putnam,* for the appellants.

*Hopkins & White,* for the respondents.

SMITH. P. J.:

The first count alleges that the plaintiffs did certain work for the defendant, and expended the sum of seven dollars in doing the same; and that in consideration thereof the defendant promised to pay the sum of $2,563.35 for said work, and to repay the sum so expended. The second count alleges that the plaintiff's did work for the defendant, for which he promised to pay the value thereof, and that it was worth the sum of $2,563.35.

It being conceded that the work alleged in each count is the same, the defendant contends that the pleading violates the injunction of the Code against "unnecessary repetition." We think otherwise. Each count states a separate and complete cause of action, although arising out of one transaction. The first count is upon an agreed price, and the second upon a *quantum meruit.* The current Code allows a statement of *each* cause of action. (Sec. 481, sub. 2.) Whether the change of verbiage from that of the old Code (§ 142, sub. 2) was designed to change the rule, it is not necessary to inquire. Under the old Code it was held that more than one count upon the same instrument or transaction was not necessarily prohibited. (*Birdseye* v. *Smith,* 32 Barb., 217.) That decision was made by the General Term of this court in the fifth district, in 1860. The action was brought by the receiver of an insolvent corporation upon a promissory note. One count alleged that the note was executed to the company as part of its capital stock; a second count alleged that it was given for premium on a policy of insurance and an agreement to contribute ratably to the

losses and expenses of the company. The court refused to compel the plaintiff to elect between the two counts. We are not aware that the decision in that case has been overruled or questioned, although it is in conflict with some earlier Special Term cases. The doctrine of that case has been recently reasserted in the case of *Velie* v. *The Newark City Insurance Company* (65 How. Pr. R., 1).

The affidavit read by the plaintiffs herein, in opposition to the motion, states that the contract upon which they claim' the work was done, was made in part with the defendant personally, and partly with a third person who, they claim, was the defendant's agent. Should the plaintiffs fail to prove the authority of the agent at the trial, they would be defeated as to a part of their claim, at least unless they can recover upon a *quantum meruit*. In view of this contingency, it can hardly be said that the " repetition " involved in the two counts is " unnecessary."

And as the authority of the agent' is a matter peculiarly within the knowledge of the defendant, it is difficult to see how he can be harmed by allowing the two counts to stand.

We think the order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.