BIRDSEYE, Receiver, &c. *vs.* SMITH.

32b 217
67 AD 597.

In an action brought by the receiver of an insolvent and dissolved corporation, upon a promissory note given to the corporation, the plaintiff, in the first count of the complaint, alleged that the note was executed and delivered to the company, by the defendant, as and for a part of its capital stock. The second count was upon the same note, alleging it to have been given for the premium upon a policy of insurance, and as an agreement to contribute ratably to the losses and expenses of the company. *Held*, that the complaint was not unnecessarily repetitious in its statements, and did not violate any provision of the code. Order made at special term, requiring the plaintiff to elect upon and for which of the two causes of action he would proceed, reversed.

APPEAL from an order of Judge BACON, requiring the plaintiff to elect upon and for which of two causes of action set forth in the complaint he would proceed.

*F. Kernan*, for the appellant.

*M. H. Throop*, for the respondent.

*By the Court*, ALLEN, J. The two counts in the complaint are upon the same written agreement or promissory note of the defendant. The action is brought by the plaintiff as receiver of the Utica Insurance Company, an insolvent and dissolved corporation. The first count is upon the note of the defendant, given to the company, alleging it to have been executed and delivered to the company as and for a part of its capital stock; and the second count is upon the same note, alleging it to have been given for the premium upon a policy of insurance and as an agreement to contribute ratably to the losses and expenses of the company. Each count contains the requisite allegations to sustain an action upon the note. If the question were *res nova*, I should be inclined to greater liberality in the construction of the code in tolerating "without unnecessary repetition" statements of the same cause of action in different forms, or different causes of action arising out of the same transaction, than the report-

ed cases seem to warrant. Several statements of the same cause of action, substantially the same, and differing only in form, are not necessary. But when the statements differ materially and in substance, and are not unnecessarily inserted and cannot mislead the defendant or embarrass the defense, but are only inserted from the caution which every good practitioner finds it necessary to exercise to guard against the infirmities of human memory and the defects of human testimony, I would allow them to stand as not "unnecessary repetitions." In this case no injury can happen to the defendant, and it is not possible that he should be embarrassed in his defense by permitting the two counts to stand. The note, in the absence of evidence that it was one of the original notes of the company, will be presumed to have been received as a premium note, and the defendant held only to the liabilities incident to a contract of that character. The two counts are not inserted to meet a possible variance in the statement of a single cause of action, but to sustain two distinct and different claims. The fact that they are based upon the same instrument does not affect the question.

Section 142 of the code of procedure has received a construction in several reported cases, to which reference will be made hereafter. With the decisions actually made in those cases I have no fault to find. But the grounds upon which some of the decisions have been placed, have led to the conclusion that the code absolutely prohibits more than one count upon the same instrument or transaction; that it forbids the party under all circumstances from providing against the contingencies and uncertainties incident to all litigation, by asserting different claims arising out of the same transaction when he can have but a single good cause of action. The code, in another section, provides that several causes of action may be united when they all arise out of the same transaction, or transactions connected with the same subject of action. (*Code,* § 167.) But this, read in connection with § 142, is claimed to authorize only the joinder of such causes

Birdseye *v.* Smith.

of action as may stand with each other, and all be sustained. The section last named requires the complaint to contain "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition." Courts of common law and of chancery have ever required substantially the same. At common law, pleading is defined to be "the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense;" and the "facts should be stated logically in their natural order and with certainty, precision and brevity." (1 *Ch. Pl.* 213, 232.) A bill in equity should contain "a clear and exact statement of all the material facts." (*Story's Eq. Pl.* § 23.) The code calls for this and no more, and the subdivision of § 142, under consideration, does not relate to the joinder of different causes of action, but to the form of the statement of a single cause of action. It makes provision for a perfect complaint containing a single cause of action, or a perfect count in a complaint embracing more than one cause of action. The question under this provision in all cases is, whether the facts constituting a single cause of action are stated without "unnecessary repetition." The statute is directory, and it is left to the courts to see that the pleader confines himself within reasonable limits. They are not on the one hand to be hypercritical and endanger the plaintiff's interests by an unyielding and rigid rule, or on the other to allow the record to be encumbered with clearly repetitious and irrelevant statements, or the defendant to be embarrassed by an improper latitude in the claim made. It is not claimed that a defendant may not set up by answer as many different defenses as he may have, or a defense growing out of the same transaction in as many different forms as he pleases, and they cannot be stricken out except as false. (*Ostrom* v. *Bixby*, 9 *How.* 57. *Hackley* v. *Ogmun*, 10 *id.* 44. *Mott* v. *Burnett*, 2 *E. D. Smith*, 50.) The code forbids all repetition in the statement of the new matter constituting a defense. (*Code*, § 149.) The language is substantially the

same as that prohibiting repetition in a complaint, but this does not prohibit the setting up of even the same defense in several forms, stating them separately in such manner that they may be intelligibly distinguished. (*Code,* § 150.) In some cases the common law rule prohibiting inconsistent pleas has been repudiated under the code, and in compelling defendants to elect between defenses, the rule in chancery adopted, that a defendant could not be compelled to elect between defenses alleged to be inconsistent, except when the proof of one must necessarily disprove the others. (*Hollenbeck* v. *Clow,* 9 *How.* 289.) The code gives ample power to the court to suppress all unnecessary repetition in pleadings, by striking out all irrelevant and redundant matter. (*Code,* § 160.) The remedy for a misjoinder of causes of action is by demurrer, (*Code,* § 144.) And in *Sweet* v. *Ingerson,* (12 *How.* 331,) a demurrer to a complaint was sustained for a misjoinder of causes of action. One cause of action as alleged was upon contract and the other for deceit, and they did not belong to the same class of actions as they are classified by § 167 of the code and in *Coster* v. *Drew,* (5 *Duer,* 677,) *McIntosh* v. *McIntosh,* (12 *How.* 289.) The cases in which motions to elect between inconsistent claims have been entertained, have been those in which the claims alleged to be inconsistent were set forth in the same complaint. (*Smith* v. *Hallock,* 8 *How.* 73. *Young* v. *Edwards,* 11 *id.* 201. *Linden* v. *Hepburn,* 3 *Sandf.* 668. *Lamport* v. *Abbott,* 12 *How.* 340.) In the case before us the two causes of action are inconsistent, in that they cannot stand together, that is, both cannot be sustained ; and if this constitutes a good objection to the complaint, it must be taken by demurrer. I doubt if a demurrer would lie. The two causes of action belong to the same class, and both arose upon contract. But it is not necessary to decide that question. There is no "unnecessary repetition" here. 1st, There is no repetition of the causes of action. It is conceded that each count sets forth one well founded cause of action. 2d, There is no

repetition of any facts, except as to the facts common to the two causes of action, and as to them it was not necessary to repeat them in each count in order to make a good count, perfect in itself; and there is no complaint of this, if the plaintiff cannot be compelled to elect between the two counts. This is not the case of several counts varying each from the other in matters of form, and all stating the same cause of action in different ways, to meet a possible variance between the case made and the proof. Such repetitions of the facts and the same causes of action would be unnecessary, for the reason that mere variances are to be disregarded, or amended upon the trial. But the plaintiff could not amend his complaint in this action if it contained but a single count, by changing the cause of action to supply the want of another count, for they are entirely different. (*Code*, § 173.) Unless there is a necessity imposed by the code, it would not be right to compel the plaintiff to elect between the two counts, when such election may lead to two successive actions to determine the rights and liabilities of the parties upon a single instrument; and in the mean time the receivership of the plaintiff must be continued, and the creditors of an insolvent corporation must await the event of the last action. There is certainly no case that has come under my observation that has come directly to the point condemning this complaint, and which would compel the plaintiff to elect between the two causes of action. The cases, it is true, are somewhat numerous, bearing more or less remotely upon the question, and most of them have been decided by the same learned justices, and all correctly decided. In all, the causes of action were unnecessarily repeated in the complaint, but in none did the question presented here arise. In *Stockbridge Iron Company* v. *Mellen*, (5 *How.* 439,) the same contract was set out in six different forms. In *Sipperly* v. *The Troy and Boston Rail Road Company*, (9 *id.* 83,) the plaintiff upon precisely the same facts claimed single and treble damages in distinct counts. Here the facts are not the same in sub-

stance in both counts. In *Churchill* v. *Churchill*, (9 *How.* 552,) the counts were upon the same cause of action. There was evidently no necessity for a number of counts, as any departure in the proof from the allegations of the complaint would have been a mere variance, and amendable. The reasoning of the judge would reach this case; but as the words of the code do not in terms restrict a party to a single count upon the same transaction, I cannot yield to the suggestion that the theory of the code is that a party must necessarily know his case and to what the witnesses will testify. It would certainly be absurd, as applied to a party suing or defending, in a representative capacity. *Dunning* v. *Thomas*, (11 *How.* 281,) and *Ford* v. *Mattice*, (14 *id.* 91,) are like *Stockbridge Iron Company* v. *Mellen*, (5 *id.* 439.) *Mayhew* v. *Robinson*, (10 *id.* 162,) decided by Judge S. B. Strong, was in principle like the cases last cited; and *St. John* v. *Pierce*, (22 *Barb.* 362,) arose upon demurrer, and need not be considered. I am of the opinion that the complaint, in its present form, is not unnecessarily repetitious in its statements, and does not violate any provision of the code. The order made at special term should be reversed, and the motion denied without costs.

[Onondaga General Term, July 3, 1860. *Allen, Mullin* and *Morgan,* Justices.]