rate of interest to be allowed as damages in such a case was seven per cent, and on the first day of January the plaintiffs had a vested right to so much of the interest as had accrued prior to that date, and of that vested right the law reducing the rate of interest did not attempt to deprive them, and it could not have deprived them of it even if the legislature had attempted so to do, and hence no error was committed."

*George H. Forster* for appellant.

*Hugh L. Cole* for respondent.

EARL, J., reads for affirmance, with costs.
All concur, except RAPALLO, J., absent.
Judgment affirmed.

---

JACOB L. EVERITT, Respondent, *v.* JAMES R. CONKLIN, Appellant.

(Argued October 12, 1882; decided October 24, 1882.)

THE complaint in this action alleged in substance that one Copley, plaintiff's assignor, and defendant in November, 1876, entered into an agreement, by which the latter agreed to sell to the former a farm, he agreeing to pay $10,000 of the purchase-price three months from date and the balance in installments, defendant to convey free of incumbrances on payment of the $10,000. In December, 1876, Copley executed to defendant a note of $500, for his accommodation but with the agreement that the amount thereof might, if Copley desired, be deducted from the $10,000 payment. That Copley was ready and willing to perform the contract at the expiration of the three months, but that defendant was unable to convey free of incumbrances, and thereupon Copley rescinded the contract. That defendant transferred said note, and Copley was compelled to, and did pay the same. The court submitted to the

jury two questions, *first*, whether the note was an accommodation note, or made and delivered as a payment on the contract; *second*, if given as a payment, was there a failure to perform on defendant's part which justified Copley in rescinding. The court charged in substance that in either event if the note was simply an accommodation note, or if it was a payment and the contract was rescinded because defendant was unable to perform, plaintiff was entitled to recover. Defendant excepted to the submission of the last question to the jury, claiming that if the note was given as a payment, plaintiff could not recover, as the complaint was simply to recover moneys paid on an accommodation note.

The court here say : "We agree with the learned counsel for the appellant in the fundamental propositions of his argument, that there was but a single cause of action stated in the complaint, and that it could not be displaced on the trial by one different and inconsistent with it, and not within the scope of the pleading. But we disagree with him as to what the essential cause of action stated in the complaint really was. He describes it as an action to recover moneys paid on an accommodation note. We deem it an action for money had and received by the defendant to the use of the plaintiff's assignor, and which, *ex æquo et bono*, the defendant ought not to retain. The details of fact and the special circumstances which go to establish and prove this cause of action may be very various and differ widely, while yet such cause of action may remain the same. It was upon such a theory that the complaint was framed. Practically the plaintiff said, the defendant has got my money without any consideration, and without any legal or equitable right to retain it, and refuses to pay it back on demand; and this is true because I made and paid a note for his accommodation, and even if it should be found, as he is likely to claim, that the note was applied on a land contract, still I insist that my cause of action remains, and the money was mine and not his, because I rescinded that contract as I lawfully might, and so am still entitled to recover for money had and received. We can see no impropriety in such a mode of pleading. It states all the facts, and states them consistently with one cause of action, and one right of recovery, whether the facts out of which it

arose are found to be in accord with either the plaintiff's or the defendant's version of them. There is, therefore, no ground for the complaint that the trial court submitted to the jury the double question whether the note was accommodation paper, and if not and found to have been applied on the contract, whether the latter had been lawfully rescinded for the failure of the defendant to perform, so that the cause of action to recover back the money paid remained. And it follows also that the trial court was right in refusing to require plaintiff to elect whether he would proceed upon the theory of an accommodation note or that of a payment on the contract."

*H. Boardman Smith* for appellant.

*E. J. Baldwin* for respondent.

FINCH, J.; reads for affirmance.

All concur, except TRACY, J., taking no part, and RAPALLO, J absent.

Judgment affirmed.

---

CHARLES W. HERSEY et al., Appellants, *v.* MARY L. FISHER, et al., Respondents.

(Argued October 13, 1882 ; decided October 24, 1882.)

THIS action was brought to recover money claimed to be due upon a contract for the sale of land to the defendant Gould. The contract was dated on the 1st day of April, 1874, and provided for the sale of ten thousand acres of land situated in the counties of Lewis and Herkimer. The land sold had very little value except on account of the timber and bark thereon. Gould, the vendee in the contract, agreed to pay for the land the sum of $17,500, in the following manner : " $1,000, annually for the first five years from the date of the contract, then $1,500 annually thereafter, with interest on the whole amount unpaid at the time each respective payment becomes due from the date of this contract. It is also un-