PITTSFIELD NATIONAL BANK, APPELLANT, *v.* WILLIAM H. TAILER, RESPONDENT, IMPLEADED WITH OTHERS.

*General assignment — complaint — allegations therein that an assignment was void on its face, and also that it was made with intent to defraud creditors, constitute a statement of but one cause of action.*

The complaint of a judgment-creditor, in an action brought to set aside an assignment made for the benefit of creditors, alleged that the assignment was null and void on its face; and, also, that it was made with the intent to hinder, delay and defraud the creditors of the assignors, including the plaintiff.

*Held,* that these allegations stated only one cause of action, *i. e.,* one to set aside the assignment, and were made only in support thereof.

That it was error for the court, upon a motion to make the complaint more definite and certain, to order that the allegations be divided into two causes of action.

APPEAL by the plaintiff, the Pittsfield National Bank, from so much of an order, entered in the office of the clerk of the county of New York on the 9th day of March, 1890, as required the plaintiff to make its complaint definite and certain by separately stating and numbering the alleged causes of action therein, to wit, the claim based upon the allegation that the general assignment referred to in the complaint was null and void upon its face, and the claim based upon the allegation of fraud, and requiring plaintiff to serve an amended complaint made definite and certain in this manner.

*John J. Adams,* for the appellant.

*Edward B. Whitney,* for the respondent.

---

* Reported *post* page 148.

DANIELS, J. :

The final object of this action is to set aside a general assignment made by the firm of Ross, Campbell & Co. to the defendant Tailer for the benefit of their creditors. The plaintiff is a judgment-creditor of the firm whose execution against their property has been returned unsatisfied. In support of the action it is alleged in the complaint that the assignment is null and void on its face, and also that it was made with the intent to hinder, delay and defraud the creditors of the assignors, including the plaintiff. And it was for the reason alone that it contained these two statements that the motion was made and sustained that it should be divided into two causes of action.

But the sole object of the action is to set aside the assignment, and to permit the plaintiff to satisfy its debt out of the property and assets of the firm. And these allegations were appropriate to sustain its right to that relief. There was but one cause of action, and these charges were made only for the purpose of supporting it. For that object the plaintiff is not confined to one ground of objection, but whatever objections there may be of this general description can consistently be combined to attain the final end expected to be secured.

This principle was sustained in an action of this description in *Durant* v. *Pierson* (29 State Rep., 510), where it was also held that the objection that the assignment was void upon its face could be taken under the general allegation that it was made to hinder and defraud creditors. And that resulted from the conclusion, necessarily, that the allegation that it was void upon its face was not of itself a distinct and separate cause of action from the allegation that the assignment proceeded from the fraudulent intent of the assignors. And that setting forth different grounds supporting the defendant's liability for the same transaction was not the statement of different causes of action was also held in *Walters* v. *Continental Insurance Company* (5 Hun, 343). And *Merchants' Bank* v. *Thalheimer* (23 Week. Dig., 116), also supports this view. So does *Henderson* v. *Henderson* (44 Hun, 420) and *Barnes* v. *Jones* (16 W. Dig., 191).

The cases of *Stowell* v. *Chamberlain* (60 N. Y., 272) and *Bell* v. *Merrifield* (109 id., 202), bear no possible relation to this subject. The effect of preceding actions and judgments upon the contro-

versies then before the court being what was considered and decided in them. While in *Wiles* v. *Suydam* (64 id., 173), two distinct and separate grounds of liability, affecting the defendant in two different capacities and under different sections of the statute, were what was held to present two causes of action. The case is plainly distinguishable from this, in which the object to be attained is to set aside one written instrument. And *Longprey* v. *Yates* (31 Hun, 432) is still more remote from the present controversy.

The plaintiff assails this assignment as being made in violation of the protection afforded by statute to the rights of creditors. And in support of its action it was entitled to specify the entire fraud which it was alleged had been perpetrated in the creation of the instrument.

In this complaint no more than that has been attempted. And within *Marx* v. *Tailer* (12 Civil Pro., 226), as well as the other authorities previously mentioned, that presented but one cause of action.

The order, therefore, should not have been made, and it should be reversed, with ten dollars costs and the disbursements, and the motion denied.

Van Brunt, P. J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied.