## L. D. GARRET CO. v. ASTOR.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. PLEADING—COMPLAINT—MISTAKE—FRAUD—RESCISSION OF CONTRACT—DE-MURRER.

    Where, in an action to rescind a contract for the sale of stock and recover the purchase price, the complaint alleges mutual mistake, and also fraud on the part of defendant, but one cause of action is alleged.

2. SAME—FRAUD—ALLEGATIONS.

    In an action for the rescission of a contract of sale of stock, the complaint alleged that certain statements were made by defendants as true of their knowledge, that plaintiff relied thereon, and that by reason of the falsity of such statements the contract was fraudulent and void. *Held* that, there being no averment that defendants knew the statements to be false, fraud is not alleged.

Appeal from special term, New York county.

Action by the L. D. Garret Company against John Jacob Astor. From an interlocutory judgment overruling a demurrer to plaintiff's complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas D. Rambaut, for appellant.

Edgar J. Nathan, for respondent.

HATCH, J. The action is brought in equity for the rescission of a contract for the sale of stock by the defendant of the Traders' Fire Insurance Company, and for the recovery of the purchase price of such stock. The action is properly brought, and has authority for its support. Bosley v. Machine Co., 123 N. Y. 550, 25 N. E. 990. The ground of demurrer is that two causes of action have been improperly united; one being based upon alleged fraud on the part of the defendant, and the other upon the mutual mistake of the parties. We think the defendant incorrect in his construction of the pleading. Whether such pleading be subject to criticism or not, but one cause of action is stated, viz., to rescind a contract and recover money. All of the averments lead to this one result, and the prayer for relief is limited to these two objects. The only criticism that can be offered is that the plaintiff, to obtain the result which his action seeks, has stated two definite grounds for relief, one in fraud and the other in mutual mistake. It may be that such averments are inconsistent, and, assuming that they are, it by no means follows that the pleading is subject to demurrer. It may become a difficult question to discriminate between a case which is the result of innocent misrepresentation, and upon which fraud may be predicated, even though moral turpitude be not present, and a case where, by reason of a mistaken understanding of the premises, both parties are misled, and both act under a mutual misapprehension. Under such circumstances the pleading is not the subject of attack which avers both the fraud and the mistake. Williams v. U. S., 138 U. S. 514, 11 Sup. Ct. 457, 34 L. Ed. 1026; Munn v. Cook, 24 Abb. N. C. 328, and note (s. c. 8 N. Y. Supp. 698); Everitt v. Conklin, 90 N. Y. 645; Birdseye v. Smith, 32 Barb. 217.

Against such a pleading the party may be protected by requiring the pleader to elect upon the trial of the case upon which ground he proposes to stand. Assuming, however, that we are incorrect in this conclusion, it is evident that criticism of this pleading by way of demurrer is not available. No fraud is averred. The averment which it is claimed is based upon fraud is found in the seventeenth paragraph of the complaint, and is as follows:

"That the aforesaid statements made by the said directors as to the assets and liabilities of the Traders' Fire Insurance Company were made to the plaintiff, not as expressions of belief or opinion, but as true to the knowledge of the parties making them in behalf of the defendant, and with the intent that the parties should act upon them; that the plaintiff relied upon the same, and would not have purchased the said shares if the true assets and liabilities of the said insurance company had been known to it; that by reason of the falsity of the said statements the said contract for the purchase of the said shares by the plaintiff from the defendant is fraudulent and void, and the plaintiff is entitled to recover the consideration paid therefor."

In order to constitute a good allegation of fraud, "the representation upon which it is based must be shown not only to have been false and material, but that the defendant, when he made it, knew that it was false; or, not knowing whether it was true or false, and not caring what the fact might be, made it recklessly, paying no heed to the injury which might ensue." Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651. There is no averment in this pleading showing that when the defendant made the representation he knew that it was false. The statement is that he made the representation as true to his knowledge, and with the intent that the plaintiff should act upon it, and that the plaintiff relied thereon; but there is no statement of scienter that the defendant in making the representation knew that it was false; and this averment is essential to establish fraud except in those cases where the representation is made as of personal knowledge and it is false. It is averred or assumed that the statements were false, but, if the averment can be construed as one stating that the representations were in fact false, there is still lacking the essential element that they were so false to the knowledge of defendant. It follows, therefore, that this pleading is not defective on the grounds upon which it is attacked.

The interlocutory judgment should be affirmed with costs, with leave to the defendant to withdraw the demurrer and answer within 20 days, upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and INGRAHAM and LAUGHLIN, JJ., concur. PATTERSON, J., concurs in result.