L. D. GARRETT COMPANY, Respondent, *v.* JOHN JACOB ASTOR, Appellant.

*Allegations that a purchase of stock was induced by false representations — what must be stated in order to allege fraud — allegations both of fraud and mistake are not demurrable — election between them at the trial.*

An allegation in the complaint in an action to the effect "That the aforesaid statements, made by the said directors as to the assets and liabilities of the said Traders' Fire Insurance Company, were made to the plaintiff, not as expressions of belief or opinion, but as true to the knowledge of the parties making them on behalf of the defendant; and with the intent that the plaintiff should act upon them; that the plaintiff relied on the same and would not have purchased

the said shares if the true assets and liabilities of the said insurance company had been known to it. That by reason of the falsity of such statements, the said contract for the purchase of the said shares by this plaintiff from the defendant is fraudulent and void, and the plaintiff is entitled to recover the consideration paid therefor," is not a sufficient allegation of fraud, inasmuch as it does not allege that when the statements were made they were known by the directors to be false.

*Semble*, that where a complaint states but a single cause of action to rescind a contract of sale and to recover the purchase price, the fact that the plaintiff has stated two definite grounds of relief, viz., fraud and mutual mistake, does not render the complaint demurrable.

*Semble*, that the plaintiff upon the trial of the case might be required to elect the ground upon which he proposes to stand.

APPEAL by the defendant, John Jacob Astor, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of April, 1901, upon the decision of the court, rendered after a trial at the New York Special Term, overruling a demurrer to the complaint.

*Thomas D. Rambaut*, for the appellant.

*Edgar J. Nathan*, for the respondent.

HATCH, J.:

The action is brought in equity for the rescission of a contract for the sale by the defendant of stock of the Traders' Fire Insurance Company and for the recovery of the purchase price of such stock. The action is properly brought and has authority for its support. (*Bosley* v. *N. M. Co.*, 123 N. Y. 550.) The ground of demurrer is that two causes of action have been improperly united, one being based upon alleged fraud on the part of the defendant and the other upon the mutual mistake of the parties. We think the defendant incorrect in his construction of the pleading. Whether such pleading be subject to criticism or not, but one cause of action is stated, viz., to rescind a contract and recover money. All of the averments lead to this one result, and the prayer for relief is limited to these two objects. The only criticism that can be offered is that the plaintiff, to obtain the result which his action seeks, has stated two definite grounds for relief, one in fraud and the other in mutual mistake. It may be that such averments are inconsistent, and,

assuming that they are, it by no means follows that the pleading is subject to demurrer. It may become a difficult question to discriminate between a case which is the result of innocent misrepresentation and upon which fraud may be predicated, even though moral turpitude be not present, and a case where by reason of a mistaken understanding of the premises both parties are misled and both act under a mutual misapprehension. Under such circumstances the pleading is not the subject of attack which avers both the fraud and the mistake. (*Williams* v. *U. S.,* 138 U. S. 514; *Munn* v. *Cook,* 24 Abb. N. C. 326, and note; *Everitt* v. *Conklin,* 90 N. Y. 645; *Birdseye* v. *Smith,* 32 Barb. 217.) Against such a pleading the party may be protected by requiring the pleader to elect upon the trial of the case upon which ground he proposes to stand.

Assuming, however, that we are incorrect in this conclusion, it is evident that criticism of this pleading by way of demurrer is not available. No fraud is averred. The averment which it is claimed is based upon fraud is found in the 17th paragraph of the complaint, and is as follows: "That the aforesaid statements made by the said directors as to the assets and liabilities of the said Traders' Fire Insurance Company were made to the plaintiff, not as expressions of belief or opinion, but as true to the knowledge of the parties making them on behalf of the defendant; and with the intent that the plaintiff should act upon them; that the plaintiff relied on the same and would not have purchased the said shares if the true assets and liabilities of the said insurance company had been known to it. That by reason of the falsity of such statements, the said contract for the purchase of the said shares by this plaintiff from the defendant is fraudulent and void, and the plaintiff is entitled to recover the consideration paid therefor."

In order to constitute a good allegation of fraud, "the representation upon which it is based must be shown not only to have been false and material, but that the defendant when he made it knew that it was false; or, not knowing whether it was true or false and not caring what the fact might be, made it recklessly, paying no heed to the injury which might ensue." (*Kountze* v. *Kennedy,* 147 N. Y. 124.) There is no averment in this pleading showing that when the defendant made the representation he knew that it was

false. The statement is that he made the representation as true to his knowledge and with the intent that the plaintiff should act upon it, and that the plaintiff relied thereon, but there is no statement of *scienter* that the defendant in making the representation knew that it was false; and this averment is essential to establish fraud except in those cases where the representation is made as of personal knowledge and it is false. It is not averred that the statements were in fact false. It is assumed that they were false, but such assumption is not sufficient in the absence of an express allegation to that effect. It follows, therefore, that this pleading is not defective on the grounds upon which it is attacked.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within twenty days, upon payment of costs in this court and in the court below.

Van Brunt, P. J., Ingraham and Laughlin, JJ., concurred; Patterson, J., concurred in result.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer within twenty days, on payment of costs in this court and in the court below.