650, 37 Am. St. Rep. 569; Lee v. Tillotson, 24 Wend. 337, 35 Am. Dec. 624; Embury v. Conner, 3 N. Y. 511, 53 Am. Dec. 325; Matter of Cooper, 93 N. Y. 507.

If the respondent wished to insist on the defects of the petition, he should have raised the question as to its sufficiency when called on to answer. Instead, he not only answered without even suggesting the defects in his answer, but he consented to the order of reference. When the matter came on for hearing before the referee, the question was then raised for the first time. We think it was then too late, and, as the evidence returned concededly justifies the granting of the order of revocation, the relator is entitled to it, and also to the amendment to his petition making it conform to the proof.

Let such an order be entered, with costs of the proceeding.

---

(52 Misc. Rep. 293)

### UNION TRANSIT CO. v. ERIE R. CO.

(Supreme Court, Special Term, Erie County.   December, 1906.)

PLEADING—COMPLAINT—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBERING.

A complaint in an action to recover freight charges alleged that during the years 1899 to 1903 plaintiff transported for defendant certain quantities of copper on which the agreed charges amounted to $99,601.43, on which sum a balance of $10,024.51 is still due; that on November 20, 1903, the parties agreed on a rate of 2.5 cents per 100 pounds for the freight charges on said copper, to wit, the sum of $22,972.22, in settlement of the then unpaid balance, on which defendant has paid $16.065.81; that on or about November 20, 1903, an account was stated at said rate of 2.5 cents, and $16,120.12 was found due, which defendant agreed to pay; that on or about December 14, 1903, an account of the charges on all copper during 1903 was stated, and on that statement $6,852.10 was found due, which defendant promised to pay; and that certain payments were made on December 29, 1903, and April 18, 1904. Held, that the complaint does not allege different causes of action, which should be separately numbered and set forth.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 113.]

Action by the Union Transit Company against the Erie Railroad Company. Motion to strike out portions of the complaint, or require plaintiff to make it more definite and certain, by separately stating and numbering causes of action. Denied.

Moot, Sprague, Brownell & Marcy, for the motion.
Morey, Bosley & Morey, opposed.

WHEELER, J. The paragraph of the complaint made the subject of this motion alleges that during the years 1899 to 1903, inclusive, the plaintiff transported for the defendant certain quantities of copper, and that defendant agreed to pay the freight charges thereon, which the complaint alleges it was agreed amounted to $99,601.43, on which sum a balance of $10,024.51 is alleged still due and owing the plaintiff. The complaint then continues, and alleges that on November 20, 1903, the parties agreed upon a rate of 2½ cents per 100 pounds for the freight charges on said copper, to wit, the sum of $22,972.22,

in settlement of the then unpaid balance of said indebtedness, on which said defendant has paid $16,065.81, and no more. The complaint then continues, and alleges that on or about the 20th day of November, 1903, an account of said freight charges upon said copper was stated by and between the parties, and at said rate of 2½ cents per 100 pounds $16,120.12 was found due from the defendant to the plaintiff, which the defendant then and there agreed to pay; also that on or about the 14th day of December, 1903, an account of said freight charges on all of said copper during the year 1903 was stated between the plaintiff and defendant, and upon such statement a balance of $6,852.10 was found due from defendant to the plaintiff, which defendant promised to pay to plaintiff. Then follows an allegation of certain payments made by the defendant on December 29, 1903, and April 18, 1904, respectively.

Counsel for the defendant insists that the complaint alleges different causes of action, which should be separately numbered and set forth, and for those reasons the motion should be granted. We do not so read the complaint. A complaint is not to be deemed to unite several causes of action simply because it sets forth several grounds on which the defendant might be liable in respect to the same transaction. Walters v. Continental Ins. Co., 5 Hun, 343. In that case the complaint set forth in detail the issuing of a policy by the defendant, the loss of the property by fire, the due making of proof of loss, and that the plaintiff and defendant negotiated with the plaintiff and agreed to give her $3,800 for her loss and damage in full settlement, and, further, that the plaintiff demanded of the defendant, in pursuance of the requirements of the policy, to have the loss ascertained by arbitrators, that the defendant refused, and that thereupon, on notice to it, they selected arbitrators, who ascertained the damages at $3,800. A motion for an order requiring the plaintiff to make her complaint more definite and certain, by stating an alleged cause of action on an insurance policy separately from an alleged cause of action on an award, was denied. The principle stated was subsequently recognized and followed in the case of Pittsfield Nat. Bank v. Tailor, 60 Hun, 130, 14 N. Y. Supp. 557. We think the complaint in this case falls within the rule laid down in the cases cited. It simply states the facts relating to one transaction. But one recovery can be had upon one or all of the grounds set forth.

The motion should be denied, with $10 costs of motion.