Upon a subsequent motion to modify the order vacating the original order impounding the ballot boxes, by continuing in force so much of said original order as provided for guarding the ballot boxes, the following opinion was given:

LEVENTRITT, J. The decision of this motion could well be based upon the ground that it is premature, in that no order upon the former motion has been entered, no appeal has been taken, and no form of stay can be granted in anticipation of a possible appeal. That such an appeal is a mere possibility has been emphasized by the statement of the Assistant Attorney General, wherein he hesitates to affirm that an appeal is to be taken. But, aside from that consideration, he suggests that, lest these boxes be tampered with, the guards should be continued. There is no evidence before me yet that any attempt has been made to tamper with these boxes, and while, of course, the litigation that is pending is all-important and concerns all the people of the state, nevertheless I do not think that I would be justified in casting a reflection upon the board of elections, when there is no intimation whatsoever that they have been remiss in the performance of their duty. To retain the guards would in effect restore a substantial portion of what I deem an extraordinary order, the counterpart of which the Attorney General will find it difficult to discover anywhere, and I do not think that any part of that order should be continued in force. I not only suggest to the Attorney General, but I invite him to bring to the attention of the court any means by which greater safeguard could be placed against possible tampering with the ballot boxes, in the event that there is any indication whatsoever, even remote, that an effort has been made, or even an inclination shown, to tamper with them, or if the ballot boxes are not now deposited either in fireproof buildings or in safe and secure apartments, and if such facts are brought to the attention of the court I should not for a moment hesitate to direct the board of elections to select some place which would meet all the possibilities of the situation.

Under the circumstances now disclosed, however, this motion must be denied.

(118 App. Div. 815)

MUTUAL LIFE INS. CO. OF NEW YORK v. McCURDY.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. PLEADING—COMPLAINT—ALTERNATIVE ALLEGATION.
     The alternative allegation in the complaint of an insurance company against its former president that he "made or authorized to be made, or knowingly or negligently permitted to be made," an unauthorized and unlawful payment of $15,000 of plaintiff's funds for political purposes, and negligently failed to establish proper or adequate rules to prevent such payment, to its damage in the sum of $15,000, is good; plaintiff not knowing which of the things, either of which would make him liable, was done by defendant.

2. ACTION—SINGLE OR SEVERAL CAUSES OF ACTION—COMPLAINT.
     A single cause of action only for breach of duty is stated by the count of a complaint in an action at law by an insurance company against its former president, alleging that he made or caused to be made, or negli-

gently permitted to be made, unauthorized and unlawful political contributions of plaintiff's money, aggregating $200,000, at various times, the precise dates of which are unknown to plaintiff, during the continuous terms of office of defendant.

3. CORPORATIONS—BREACH OF DUTY BY OFFICERS—DE FACTO OFFICERS.

Whether one was a de jure or de facto president of a corporation is immaterial on the question of his liability for breach of duty in making or negligently permitting to be made unlawful and unauthorized disbursements of the company's funds.

4. ACTION—SINGLE OR SEVERAL CAUSES OF ACTION—COMPLAINT.

A count of a complaint by an insurance company against its former president, charging him with knowingly or negligently making unauthorized and improvident agency contracts annually, for three successive years of his presidency, with a certain firm, and agreeing to pay and paying thereunder unnecessarily high and grossly excessive and exorbitant rates and commissions, and knowingly or negligently permitting payments aggregating a certain amount, not embraced in the agency contracts or authorized to be made, to said firm during said period, in all to plaintiff's damage in a certain amount, states a single cause of action for general damages sustained by unauthorized payments to a particular firm during the period of defendant's administration, knowingly or negligently permitted by him, in part under unauthorized and fraudulent contracts, and in part without authority or consideration.

5. SAME.

A count of the complaint of an insurance company against its former president, charging him with inducing plaintiff to create the office of superintendent of foreign department, to enable him to appoint his son thereto, and with having thereupon made or authorized, or knowingly or negligently permitted the making of, a pretended contract between plaintiff and defendant's son at an exorbitant rate of compensation, which position said son held, enjoying the fruits of the contract, till a certain time, when he resigned, and was on a day shortly thereafter appointed general manager of plaintiff at a certain salary, which was subsequently increased to a certain amount, states but a single cause of action.

Ingraham, J., dissenting in part.

Appeal from Special Term, New York County.

Action by the Mutual Life Insurance Company of New York against Richard A. McCurdy. From an order denying a motion to strike out as irrelevant and redundant certain allegations of the complaint, and to have the complaint made more definite and certain, and to have the facts constituting the several causes of action separately stated and numbered, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

De Lancey Nicoll (Courtlandt V. Anable, on the brief), for appellant.

Joseph H. Choate (James McKeen and Joseph H. Choate, Jr., on the brief), for respondent.

LAUGHLIN, J.    The excellent opinion of the learned justice who presided on the hearing of this motion at Special Term meets with our approval and renders further discussion of many points argued on the appeal unnecessary, excepting to emphasize views already briefly outlined by him.

This is an action at law. The complaint contains nine counts. In the first six paragraphs of the first count, which are repeated by

reference in each of the others, it is alleged in substance that plaintiff is a domestic life insurance corporation, with by-laws duly adopted; that pursuant to its charter and by-laws defendant was on the 4th day of June, 1866, duly elected trustee of plaintiff for the term of four years; that he accepted, and thereafter by virtue of successive re-elections continued to hold the office and act as such trustee until the 3d day of January, 1906; that he was duly elected president of the company for the term of one year on the 3d day of June, 1885, and annually thereafter was re-elected and continued to hold the office and to act as president until the 29th day of November, 1905; that he was expressly authorized by the by-laws to suspend or remove agents at pleasure, to preside at meetings of the trustees and of standing committees, except the auditing committee and committee on expenditures, and was ex officio a member of all standing committees, with the exception of those two, was given the "general direction and superintendence of the affairs and of the officers of the company," and it was made his duty to establish "rules and regulations for the conduct of the business of the company and for the direction of its officers."

For its first cause of action plaintiff further alleges that defendant in the year 1896 "made or authorized to be made, or knowingly or negligently permitted to be made," an unauthorized and unlawful payment of $15,000 of plaintiff's funds for political purposes, and negligently failed to establish proper or adequate rules to prevent such payment, to its damage in the sum of $15,000. It is quite clear that there is but one cause of action here alleged, and it is to recover the damages sustained by the company through this unauthorized and unlawful appropriation of its funds. It is not definitely charged whether defendant expressly authorized and personally participated in the payment, or whether it was made by others through his neglect to properly supervise the affairs of the company and perform the duties of the office which he held and assumed. Plaintiff knows that it was one or the other, or both, but not which. In either event defendant would be liable. In such case an alternative allegation is permissible, and plaintiff should not be required to elect in advance and stake the result of the issue on its ability to prove to the satisfaction of a jury the one to the exclusion of the other. Everitt v. Conklin, 90 N. Y. 645; Stern v. Ladew, 22 N. Y. Supp. 116, 67 Hun, 652; Munn v. Cook, 8 N. Y. Supp. 698, 55 Hun, 608; Hasberg v. Moses, 81 App. Div. 199, 80 N. Y. Supp. 867; Garrett Co. v. Astor, 67 App. Div. 595, 73 N. Y. Supp. 966. See, also, Smith v. Rathbun, 22 Hun, 150. It is analogous to an allegation in an action to reform an instrument in writing, where it has frequently been held that an allegation that a clause was inserted or omitted through mutual mistake or through fraud on the part of the defendant was good pleading, and proof of either alternative would sustain the action. C. & T. R. R. Co. v. Twenty-Third St. R. Co., 78 Hun, 462, 29 N. Y. Supp. 233.

The additional allegations in the second, third, and fourth causes of action relate to single political contributions in the years 1900 and 1904, respectively. They are otherwise in all respects similar to

those contained in the first, and the observations already made render further discussion thereof unnecessary.

The further allegations in the fifth cause of action relate to political contributions, aggregating not less than $200,000, at divers times subsequent to the 1st day of January, 1885, it being alleged that the precise times are unknown to plaintiff; but otherwise the allegations are the same as those contained in the first cause of action. These disbursements were all without authority, and are alleged to have been made in the execution of a single scheme and policy to deplete the funds of the company. The additional questions are here presented as to whether each of the negligent acts of the defendant which resulted in a loss to plaintiff and his negligent acts during each term of office as trustee and president constitute a separate cause of action. We are of opinion that they do not. He held the positions continuously, and the action is to recover the damages sustained by the company for the direct injury caused by his general wrongful acts or negligence in the performance of or in failing to perform his duties as agent of the company throughout the entire period. Although the action is at law and appears to be classified as in tort (Hun v. Cary et al., 82 N. Y. 66, 37 Am. Rep. 546), the wrong or neglect is not disconnected with the office, but consists of a breach of duty, express or implied, to exercise proper care and faithfulness in the discharge of the duties of the office, and is not to recover specific sums lost to the company by reason of the wrongful acts or negligence, but general unliquidated damages, the items of which it is not necessary to plead; nor is the nature of the action changed by the fact that in some instances they have been pleaded (Hun v. Cary, supra; O'-Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 21; Id. [second appeal] 6 App. Div. 509, 39 N. Y. Supp. 707, affirmed on opinion of Ingraham, J., 150 N. Y. 572, 44 N. E. 1126; Mabon v. Miller, 81 App. Div. 10, 80 N. Y. Supp. 979; Dykman v. Keeney, 154 N. Y. 483, 48 N. E. 894; Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667; Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716; Mason v. Henry, 152 N. Y. 529, 46 N. E. 837; Hanna v. Lyon, 179 N. Y. 107, 71 N. E. 778; Bowers v. Male, 186 N. Y. 28–34, 78 N. E. 577).

In People v. Tweed et al., 63 N. Y. 194, it was held that a complaint in an action to recover various sums of money obtained from the city by the defendants at divers times, by fraudulent acts in procuring fictitious bills to be presented and audited in formal compliance with the law, pursuant to a preconceived conspiracy on their part to loot the treasury, constituted but a single cause of action, not for the negligence of the defendants in the performance of public duty, but for fraudulently obtaining the money. In the decision of that case no special importance was attached to the allegations with respect to the conspiracy; and it is well settled that conspiracy does not constitute the gravamen of an action for damages, but that the effect of the allegation merely is to connect the acts and parties with one another. If the separate fraudulent acts by which money was wrongfully obtained at different times do not constitute separate causes of action, it would seem that separate wrongful or negligent

acts would not necessarily constitute separate causes of action. It is clear that in a suit in equity for an accounting, which is authorized as to property coming into the hands of a director or trustee of a corporation, or for his breach of trust which may consist of "culpable acts and omissions," the facts may be alleged in a single count, although the acts resulting in the damage to the corporation may have been many and disconnected, and separated by long periods of time. Bosworth v. Allen, supra; Mabon v. Miller, supra; Mason v. Henry, 152 N. Y. 529, 46 N. E. 837. In Smith v. Rathbun, supra, it was held that an action against directors of a bank to recover damages sustained by the corporation through their neglect to perform their duties, the negligence consisting in both malfeasance and nonfeasance, constituted but a single cause of action. That decision, although not cited, appears to be directly in point.

Neither the validity of the defendant's election nor the term for which he was elected, is material. It is precisely the same as if he assumed the functions of the office and was suffered to exercise them continuously by acquiescence of the company. As a de facto officer, having assumed and exercised the functions of the offices, he became chargeable with all of the responsibilities of the positions which he occupied, and he owed a duty of diligence and fidelity to the company, to neither direct unauthorized or unlawful disbursements, nor negligently suffer them to be made. Plaintiff at most will only be required to show his first election or assumption of the duties of the respective positions, and that he continuously thereafter held the offices and assumed to exercise their functions, and his failure to perform the duties incident thereto, and the resulting damages.

The motion does not involve the sixth cause of action.

The additional allegations of the seventh count are that defendant directly or negligently permitted certain officers, trustees, and employés of plaintiff to establish and maintain, with funds of the company, without authority, during the period from the 1st day of January, 1900, until the close of the year 1905, a "confidential fund," and to expend and disburse the same for unauthorized and unlawful purposes, to its damage in the sum of $600,000. The diversion of the money to the fund and the disbursement thereof are all charged to have been without authority and unlawful. That this is but a single cause of action, stated with sufficient definiteness, is shown by the views already expressed.

The eighth cause of action relates to knowingly or negligently making unauthorized and improvident agency contracts annually from the year 1893 to the year 1905, inclusive, with Charles H. Raymond & Co., of which firm defendant's son-in-law was a member, and agreeing to pay and paying thereunder unnecessarily high and grossly excessive and exorbitant rates and commissions, and to knowingly or negligently permitting payments aggregating not less than $500,000, not embraced in the agency contracts or authorized to be made, to said firm during said term, in all to plaintiff's damage in the sum of $1,250,000. These allegations do not require special comment. They state a cause of action for general damages sustained by unauthorized payments to a particular firm during the period of defend-

ant's administration of the offices, knowingly or negligently permitted by him, in part under unauthorized and fraudulent contracts, and in part without authority or consideration, and the amount in excess of what would have been reasonable and proper is stated.

In the ninth count defendant is charged with having induced plaintiff to create the "office of superintendent of the foreign department" in the month of January, 1886, to enable him to appoint his son, Richard H. McCurdy, thereto, and with having thereupon made or authorized, or knowingly or negligently permitted the making of, a pretended contract between plaintiff and his son at an exorbitant rate of commission, which position defendant's son held, enjoying the fruits of the contract, until June, 1903, when he resigned, and was on July 1st thereafter appointed general manager of plaintiff at an annual salary of $20,000, which was subsequently increased to $30,-000. This count states but a single cause of action and with sufficient definiteness.

The motion to strike out 36 and 38 was also properly denied.

It follows that the order should be affirmed, with $10 costs and disbursements.

PATTERSON, P. J., and CLARKE and SCOTT, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN in the conclusion at which he has arrived, except as to the fifth cause of action. The action is at law, to recover for moneys of the plaintiff which the defendant, as its president, has caused to be paid for purposes other than corporate purposes. The first four causes of action are to recover for certain specific payments made for political purposes or contributions to political parties. The fifth cause of action is upon an allegation that:

"At various times subsequent to the 1st day of January, 1885, and to the plaintiff unknown, the defendant made, or authorized to be made, or knowingly or negligently permitted to be made, in furtherance of a single policy or design, certain payments, aggregating not less than two hundred thousand ($200,000) dollars, out of the plaintiff's moneys, for certain political purposes, to wit, to defray the expenses of the annual campaigns conducted by a political party, in furtherance of the election of the nominees of the said party for political offices."

Each payment would be a wrongful act, for which the defendant would be liable, if the payment made was for an illegal purpose or without authority from the corporation. While the officers of a corporation may be called to account for their illegal acts, or for an illegal disposition of the money or property of the corporation, in an action at law, I think that each illegal disposition of a corporation's property is a separate cause of action. The distinction between an action in equity to call an officer of a corporation to account and an action at law against an officer of a corporation to recover for an illegal or unauthorized disposition of the moneys of the corporation that the officer has made is clear; for, when a trustee or person holding money or property in a fiduciary relation is called upon to account, he can in one action be required to account for all the money or property

of the corporation that he has received and for which he is account-able, but in an action at law to recover from an officer of a corporation for money of the corporation that he has illegally or improperly paid out, each payment thus. illegally or improperly made is a separate cause of action, which must be separately pleaded. This is not an action to recover damages sustained by the corporation for negligence or wrongdoing which has caused the corporation damage, but to recover specific money of the corporation paid by the president for illegal or unauthorized purposes.

I think, therefore, that the plaintiff should be required to separately number the various causes of action alleged as a fifth cause of action.