SAMUEL KASS, Respondent, v. GARMENT CENTER REALTY CO., INC., Appellant.

First Department, June 6, 1924.

Landlord and tenant — action to reform lease — complaint alleged that number of square feet of floor space stated in lease was wrong either because of mutual mistake or because of mistake by plaintiff and fraud by defendant — complaint states cause of action — plaintiff may allege mutual mistake or fraud in alternative.

The complaint in an action by a tenant to reform a written lease states a cause of action, where it alleges that the number of square feet of floor space specified in the lease is more than the actual number of square feet and that the number stated in the lease was so stated either by mutual mistake of the parties or by the mistake of the tenant and the fraud of the landlord.

The tenant may allege disjunctively the facts justifying equitable intervention and he will not be required to allege whether he will seek relief upon the ground

of mutual mistake of the parties or because of fraud on the part of the landlord, but he has a right to make these allegations in the alternative and upon the trial to obtain relief in accordance with his proof.

MERRELL, J., dissents in part, with opinion. ·

APPEAL by the defendant, Garment Center Realty Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of April, 1923, denying in part its motion made under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, or in the alternative for an order, pursuant to rule 102 of the Rules of Civil Practice, directing plaintiff to serve an amended complaint.

*William Klein* [*Milton R. Weinberger* with him on the brief], for the appellant.

*Max Shlivek* [*Gustave Menit* with him on the brief], for the respondent.

MARTIN, J.:

The complaint alleges that a written agreement was entered into for the lease of a loft, at a yearly rental of $22,500; that, prior to the preparation of the lease, plaintiff and defendant agreed that the rental should be at the rate of $1.50 per square foot; that defendant represented that the premises contained 15,000 square feet; that because of the " mutual mistake of the plaintiff and the defendant, or by the mistake of the plaintiff and by the fraud of the defendant," the written lease did not embody the actual agreement, the number of square feet in the loft being less than that mentioned when the parties agreed prior to the execution of the lease that the rental should be at the rate of $1.50 per square foot.

The relief prayed for in the motion papers is set forth as follows: " For judgment pursuant to Rule 106 of the Rules of Civil Practice, dismissing the plaintiff's complaint upon the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action against the defendant, or in the alternative, for an order pursuant to Rule 102 of the Rules of Civil Practice, directing the plaintiff to serve an amended complaint upon the ground that paragraph Fifth of the plaintiff's complaint is so indefinite, uncertain and obscure that the precise meaning thereof is not apparent, as the defendant is unable to ascertain if the plaintiff relies upon an alleged ' mutual mistake of the plaintiff and the defendant ' or the alleged ' fraud of the defendant in concealing its knowledge thereof.' "

The order entered at Special Term provides as follows:

" Ordered, that the motion for judgment dismissing the complaint herein be and the same hereby is denied and that the plaintiff herein, pursuant to Rule 102 of the Rules of Civil Practice serve an amended complaint within twenty days after the entry of this order."

The court held that the complaint was defective because it did not allege defendant knew there were not 15,000 square feet in the loft, when it so asserted. It was held, however, that the complaint sufficiently stated a cause of action and that plaintiff may plead, alternatively, mutual mistake, or mistake on plaintiff's part and fraud by defendant.

In paragraph " fifth " of the complaint it is set forth that the oral agreement of the parties was not effectuated by the written lease because of the " mutual mistake of the plaintiff and the defendant," or " by the mistake of the plaintiff and by the fraud of the defendant in concealing its knowledge thereof."

Appellant urges that the plaintiff may not disjunctively allege facts to justify equitable intervention.

In *Hasberg* v. *Moses* (81 App. Div. 199) this court said: " Because the pleading states facts for relief in an alternative form does not make it bad, if any one of such averments would be sufficient upon which to found the relief asked for in the complaint. (*Pittsfield Nat. Bank* v. *Tailer*, 60 Hun, 130.) "

It was also said in that case that there are certain actions where such a form of pleading is necessary to truthfully plead a cause of action. At page 205 the following will be found: " Mr. Abbott, in his note to *Munn* v. *Cook* (24 Abb. N. C. 314), very clearly states the rule governing such cases: ' As before explained, there is a class of cases in which for no fault of his own, and usually by fault of the defendant, the plaintiff does not know which of two absolutely inconsistent grounds he may succeed in proving, either of which will entitle him to recover; as in the case of fraud or mistake, or a case of suspected agency for an undisclosed principal. If it is important to plaintiff's policy, as it usually is, especially in such classes of cases, to obtain a sworn answer, he must make a sworn complaint; and he cannot, even on information and belief, swear to inconsistent facts. Therefore he cannot state such inconsistent grounds of recovery in separate causes of action, each alleged without qualification. He must state them, if at all, in a single cause of action and in the alternative. A rule which allows plaintiff to state essential allegations in the alternative, is obviously capable of much abuse, because by multiplying alternatives he may leave the defendant quite in the dark as to the facts the latter must be prepared to meet. But within limits

which will exclude such abuses, the right of the plaintiff to allege alternative grounds is now recognized by the highest authority, and is not without sanction in the lower courts and courts of other jurisdictions.' "

In that case it is further stated: " Averments in this form are not the subject of demurrer. The remedy, if they are so uncertain as to leave the adverse party in the dark in respect to that with which he is charged, is by motion to make the pleading more definite and certain." (See, also, *Garrett Co.* v. *Astor*, 67 App. Div. 595; *Williams* v. *United States*, 138 U. S. 514; *Haviland* v. *Willets*, 141 N. Y. 35.)

The defendant is not entitled to compel the plaintiff to definitely allege whether he will seek relief upon the ground of mutual mistake of the parties, or because of fraud on the part of the defendant. The plaintiff has a right to make these allegations in the alternative and, upon the trial, to obtain relief in accordance with his proof.

In *Hasberg* v. *Moses (supra)* this particular kind of an action was cited as an example of one in which alternative pleading should be permitted.

The evident intention of the plaintiff is to prove that the written lease resulted from a mutual mistake, for the reason that the parties acted upon the belief that the floor contained 15,000 square feet. If the defendant on the trial contends there was no mistake, that he knew that the loft contained but 13,000 square feet, then the plaintiff will probably contend that defendant fraudulently concealed such knowledge, and represented to the contrary.

The defendant was not entitled to judgment dismissing the complaint pursuant to rule 106 of the Rules of Civil Practice, for the reason that the complaint stated a cause of action. It was not entitled to an order directing the plaintiff to serve an amended complaint confining himself to mutual mistake or to mistake on plaintiff's part and alleged fraud of defendant in concealing knowledge of certain facts.

The defendant not being entitled to any of the relief prayed for in the motion papers, and there being no appeal by plaintiff, the order should be affirmed, with ten dollars costs and disbursements.

DOWLING, SMITH and FINCH, JJ., concur; MERRELL, J., dissenting in part.

MERRELL, J. (dissenting in part):

The action was brought in equity to reform a written agreement which the plaintiff in his complaint alleges the parties entered into on or about the 5th day of May, 1921, and to conform said

agreement to the real understanding between the parties. In his complaint the plaintiff alleges the incorporation of the defendant, and that on or about the 5th day of May, 1921, the parties hereto entered into a written agreement of lease for the eleventh floor of the premises known as No. 498 Seventh avenue, in the borough of Manhattan, New York city, wherein and whereby the defendant rented and leased to the plaintiff and the plaintiff hired from the defendant the said premises at the yearly rental of $22,500, payable in equal installments on the first day of each and every month, beginning with the 1st day of June, 1921, and terminating on the 31st day of January, 1927. The plaintiff alleges that prior to the preparation of the said agreement the plaintiff and defendant agreed that the rental of said premises to be paid by the plaintiff should be at the rate of one dollar and fifty cents per square foot thereof, and that prior to the preparation of said written agreement the defendant represented to the plaintiff that the said premises contained 15,000 square feet in area. The plaintiff further alleges in the fifth paragraph of his complaint, as follows:

" *Fifth.* That by the mutual mistake of the plaintiff and the defendant, or by the mistake of the plaintiff and by the fraud of the defendant in concealing its knowledge thereof, said writing did not embody the actual agreement theretofore made as aforesaid, but said provision relating to the amount of rent was correctly embodied therein in that the plaintiff was to pay an amount for rent equivalent to $1.50 per square foot in area as an accurate survey would show, and was not to pay $22,500."

The plaintiff in his complaint alleges that he executed said writing in the belief that the same embodied in its terms the actual agreement theretofore made between the defendant and himself, but that the said premises did not in fact contain 15,000 square feet in area, but contained about 13,000 square feet.

The plaintiff further alleges that since the 1st day of June, 1921, to the commencement of the action the plaintiff had paid the defendant the amount of rent set forth in said written agreement, amounting to the sum of $37,500, but that the rental at the rate agreed upon between the parties and as intended to be placed and written in the written agreement amounted to $32,500.

Alleging performance by the plaintiff of the conditions in said agreement on his part to be performed, the plaintiff demands a judgment in his complaint that the said written agreement be reformed and corrected by striking out therefrom the reference as to the payment of rent at the rate of $22,500 and substituting therefor a statement that the rent shall be paid at the rate of $1.50 per square foot in area, and that the plaintiff have judgment against

the defendant for the sum of $5,000, with interest thereon from the 1st day of June, 1921, together with the costs of the action, said sum of $5,000 representing the excess paid by the plaintiff as rental for said premises over the amount which he should have paid under the alleged understanding and agreement between the parties.

The defendant moved the court at Special Term for judgment pursuant to rule 106 of the Rules of Civil Practice dismissing the plaintiff's complaint upon the ground that it appeared upon the face thereof that the complaint did not state facts sufficient to constitute a cause of action against the defendant, or, in the alternative, for an order pursuant to rule 102 of the Rules of Civil Practice directing the plaintiff to serve an amended complaint, upon the ground that paragraph fifth of plaintiff's complaint was so indefinite, uncertain and obscure that the precise meaning thereof was not apparent, as the defendant was unable to ascertain if the plaintiff relied upon an alleged " mutual mistake of the plaintiff and the defendant " or an alleged " fraud of the defendant in concealing its knowledge thereof," and for such other and further relief as to the court might seem just and equitable.

By the order appealed from the court denied defendant's motion for a dismissal of the plaintiff's complaint, but required the plaintiff, pursuant to rule 102 of the Rules of Civil Practice, to serve an amended complaint. The order appealed from does not specify as to what matters the plaintiff is required to amend his complaint, but in the opinion of the learned justice presiding at Special Term in deciding defendant's motion it is stated that, " The complaint is drawn in the alternative, and if upon the trial of the action the plaintiff intends to rely upon proving the fraud of the defendant, the complaint should be more specific as to such fraud. Fraudulent intent is a necessary averment in actions for fraud, and the great weight of authority supports the view that in such an action, consisting of alleged false representations, the plaintiff must clearly state that the defendant knew that the representations were false. In *Brackett* v. *Griswold* (112 N. Y. 467) the court held: There must be ' " representation, falsity, *scienter*, deception and injury." There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he, in good faith, parted with property or incurred the obligation which occasioned the injury of which he complains. All these circumstances must be found to exist, and the absence of any one of them is fatal to a recovery.' Whenever fraud forms the ground of the plaintiff's right in an action, the knowledge of the

facts relied on, the scienter, constitutes the gist of the action. Plaintiff is therefore directed, pursuant to Rule 102 of the Civil Practice Act, to serve an amended complaint within twenty days after service of a copy of an order to be entered hereon. Settle order on notice."

It, therefore, appears from the order appealed from that the Special Term denied defendant's motion to dismiss, but directed that if, upon the trial of the action, the plaintiff intended to rely upon proving the fraud of the defendant that the complaint should be more specific as to such fraud, and provided that the plaintiff serve an amended complaint containing appropriate and necessary allegations to constitute a cause of action upon one of the alternative grounds upon which the plaintiff seeks relief herein, namely, upon the ground that the written contract which the plaintiff seeks to reform was obtained by fraud and concealment on the part of the defendant.

I think the court properly denied defendant's motion to dismiss the complaint for insufficiency. The action is brought in equity to obtain a reformation of the written contract between the parties. The ground of defendant's motion to dismiss is that two causes of action have been improperly united, one based upon mutual mistake of the parties and the other upon alleged fraud on the part of the defendant. As I interpret the complaint there is but a single cause of action alleged, although two grounds are stated upon which the relief sought may be granted. It may be that the complaint, in stating two definite grounds for relief, one by reason of mutual mistake and the other upon fraud, is open to criticism. Such averments may be inconsistent, but it does not follow that by reason thereof the complaint should be dismissed for insufficiency. It was said by this court in *Garrett Co.* v. *Astor* (67 App. Div. 595, 597): " It may become a difficult question to discriminate between a case which is the result of innocent misrepresentation and upon which fraud may be predicated, even though moral turpitude be not present, and a case where by reason of a mistaken understanding of the premises both parties are misled and both act under a mutual misapprehension. Under such circumstances the pleading is not the subject of attack which avers both the fraud and the mistake. (*Williams* v. *U. S.*, 138 U. S. 514; *Munn* v. *Cook*, 24 Abb. N. C. 326, and note; *Everitt* v. *Conklin*, 90 N. Y. 645; *Birdseye* v. *Smith*, 32 Barb. 217.) Against such a pleading the party may be protected by requiring the pleader to elect upon the trial of the case upon which ground he proposes to stand."

In *Hasberg* v. *Moses* (81 App. Div. 199) this court said (at p. 205): "Because the pleading states facts for relief in an alternative

form does not make it bad, if any one of such averments would be sufficient upon which to found the relief asked for in the complaint. (*Pittsfield Nat. Bank* v. *Tailer*, 60 Hun, 130; *Zimmerman* v. *Kinkle*, 108 N. Y. 282.)

" Mr. Abbott, in his note to *Munn* v. *Cook* (24 Abb. N. C. 314), very clearly states the rule governing such cases: ' As before explained, there is a class of cases in which for no fault of his own, and usually by fault of the defendant, the plaintiff does not know which of two absolutely inconsistent grounds he may succeed in proving, either of which will entitle him to recover; *as in the case of fraud or mistake,* or a case of suspected agency for an undisclosed principal. If it is important to plaintiff's policy, as it usually is, especially in such classes of cases, to obtain a sworn answer, he must make a sworn complaint; and he cannot, even on information and belief, swear to inconsistent facts. Therefore he cannot state such inconsistent grounds of recovery in separate causes of action, each alleged without qualification. He must state them, if at all, in a single cause of action and in the alternative. A rule which allows plaintiff to state essential allegations in the alternative, is obviously capable of much abuse, because by multiplying alternatives he may leave the defendant quite in the dark as to the facts the latter must be prepared to meet. But within limits which will exclude such abuses, the right of the plaintiff to allege alternative grounds is now recognized by the highest authority, and is not without sanction in the lower courts and courts of other jurisdictions.' (Pp. 332, 333.)

" *Averments in this form are not the subject of demurrer. The remedy, if they are so uncertain as to leave the adverse party in the dark in respect to that with which he is charged, is by motion to make the pleading more definite and certain.* (*Marie* v. *Garrison*, 83 N. Y. 14; *Scheu* v. *N. Y., L. & W. R. R. Co.*, 12 N. Y. St. Repr. 99, and cases cited.) There is little difficulty in the way of giving force and effect to this rule of pleading and protecting at the same time the adverse party against any abuse which may arise therefrom." (Italics are the writer's.)

What the defendant in its second alternative application to the Special Term sought was that the complaint be made more definite and certain in its allegations of the grounds upon which the plaintiff sought relief, and this part of the defendant's application, I think, should have been granted by the Special Term. The respondent insists that the Special Term, by the order appealed from, granted the defendant's second alternative. Such is not literally true. The defendant was not seeking to have the complaint amended by setting forth necessary allegations as to one of the grounds of reformation,

'but rather that the defendant be informed as to the particular ground upon which the plaintiff proposed to proceed. The complaint as served does not advise the defendant upon which of the grounds alleged the plaintiff proposes to rely. I think the defendant is entitled to such information, and that the order appealed from should be modified by requiring the plaintiff to serve an amended complaint definitely alleging whether the plaintiff will seek reformation by reason of mutual mistake of the parties or by reason of fraud on the part of the defendant, said amended complaint to contain allegations appropriate to the ground for reformation upon which the plaintiff elects to rely, and, as so modified, that the order appealed from be affirmed, with ten dollars costs and disbursements to the appellant.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint within twenty days from date of order.