### EDWIN T. MURDOCK
vs.
### EVA M. LALLEMAND MURDOCK

Superior Court        Fairfield County        File #49832

Present:   Hon. NEWELL JENNINGS, Judge.

Cressy, Bartram, Melvin
    & Sherwood,              Attorneys for the Plaintiff.

Dwyer & Smith,              Attorneys for the Defendant.

**MEMORANDUM FILED MAY 12, 1936.**

JENNINGS, J.   This is a suit to annul a marriage between the parties, neither of whom are residents of this State.   The defendant, on April 17, 1901, was first married to one Ernest R.. Decary in Montreal, Canada.   Some years later they separated.   The defendant came to New York to live and her husband remained in Montreal.   On December 19, 1924, Mr. Decary secured a decree of divorce from the defendant in New York, alleging and it being found that he had the residence in New York necessary to give that court jurisdiction. On March 24, 1925, the defendant married the plaintiff in Bridgeport, Connecticut, and the parties have since lived to-

gether as man and wife in New York City. The plaintiff has one child by a former marriage and the defendant three by her former marriage. There are no children of this marriage.

In 1935 the defendant brought suit in Montreal against her first husband on a property settlement. The Montreal court found on November 27, 1935, that Mr. Decary had never abandoned his Montreal residence and had never acquired the residence in New York necessary to give the court jurisdiction. It followed from this judgment that while married to the plaintiff in Connecticut, the defendant is also married to her first husband in Montreal. This situation has created personal and property complications which it is the purpose of this proceeding to resolve.

The allegations of the complaint are found proved and true.

This court, being the court of the place where the marriage took place, has jurisdiction under **General Statutes, Section 5188** to annul the marriage.

**1 Beale, Conflict of Laws, Sec. 115.1 p. 510.**

**Levy vs. Downing, 213 Mass. 334.**

Since the marriage in Connecticut was valid unless the New York divorce decree is void for lack of jurisdiction, this proceeding is a collateral attack on the New York decree. Such an attack, at least as far as divorce judgments are concerned, can be made. As stated concisely in the headnote to **German Savings and Loan Society vs. Dormitzer, 192 U. S. 125:**

"A decree of divorce may be impeached collaterally in the courts of another State by proof that the court granting it had no jurisdiction, even when the record purports to show jurisdiction and appearance of the other party, without violating the full faith and credit clause of the Federal Constitution."

**Andrews vs. Andrews, 176 Mass. 92, 188 U. S. 14.**

**Bell vs. Bell, 181 U. S. 175.**

**Streitwolf vs. Streitwolf, 181 U. S. 179.**

**Lister vs. Lister, 97 Atl. 170 (N.J.).**

**Dean vs. Dean, 241 N. Y. 240.**

**Gildersleeve vs. Gildersleeve, 88 Conn. 689, 693.**

**State vs. Cooke, 110 Conn., 348, 352.**

The decree may issue.