ALEX FUZESSI v. SUZANNA M. FUZESSI

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 70848

Memorandum filed June 4, 1946.

*Michael Strauss,* of Bridgeport, for the Plaintiff.

*Earle W. Smith,* of Bridgeport, for the Defendant.

KING, J. The plaintiff husband brings this action by writ and complaint dated August 14, 1945, against the defendant wife, claiming a divorce on the ground of desertion.

Paragraph two of the complaint contains the sole jurisdictional allegations, is denied in the answer, and alleges that the plaintiff has resided continuously in this state for three years next before the date of this complaint.

The evidence as to this issue was in most respects undisputed. The plaintiff and the defendant had lived together in New Jersey for many years. He left his wife on or about July 12, 1942, came to Connecticut, and after a sojourn of a few days with a niece in Fairfield obtained a furnished room on Castle Avenue in Bridgeport. After about ten months, he took a furnished room at 190 Orland Street, also in Bridgeport, in a house owned and occupied by the witness Katonah. His residence there has been continuous up to the present time except for time spent in Florida as hereinafter set forth.

In November or December, 1943, he left Bridgeport for Florida, and returned in April, May or June of 1944. While in Florida he obtained a furnished room in or near Miami, secured employment, engaged counsel shortly after his arrival and subsequently instituted divorce proceedings. The defendant employed counsel and was apparently preparing to contest the action in Florida, but it was subsequently withdrawn from court and the plaintiff then returned to Bridgeport and went back to his room in the Katonah house.

Jurisdiction to grant a divorce requires (1) that at least one of the parties to the marriage have a domicil in the state wherein the divorce is sought and (2) whatever residence the

statute of the particular state requires. *Morgan* v. *Morgan*, 103 Conn. 189, 195.

The defendant at no time had either residence or domicil in Florida.

The plaintiff left nothing in his furnished room when he went to Florida, and Katonah's testimony to the contrary was not credited. Katonah testified that he rented the room to a married couple during the plaintiff's absence in Florida, received no rent from the plaintiff while he was away and had been given no information by the plaintiff as to when, if ever, he would return.

The institution of the divorce proceeding in Florida negates any claim that the journey was the ordinary winter sojourn, which would not, of course, break the continuity of residence as required by statute. *Morehouse* v. *Morehouse*, 70 Conn. 420, 426.

The jurisdictional requirements for a divorce in Florida are set forth in § 65.02 of Florida Statutes of 1941 and require that a "complainant must have resided ninety days in the State of Florida before filing of the bill of complaint." This language has been construed by the Supreme Court of Florida to require not only an actual residence but also a domicil, and it has been further held that a domicil cannot be acquired without some actual residence. *Wade* v. *Wade*, 93 Fla. 1004, 1007.

The defendant, however, failed to produce a certified copy (or any copy) of the divorce petition in Florida, so that it cannot be determined what, if any, jurisdictional allegations it contained, nor may it be treated as an admission by the plaintiff.

Whether the plaintiff resided "continuously" in Connecticut is a question of fact on which the plaintiff has the burden of proof. The court cannot find that this burden was sustained in view of the plaintiff's stay and activities in Florida. *Allan* v. *Allan*, 132 Conn. 1, 4. This disposes of the case adversely to the plaintiff.

However, it may be added that the plaintiff also failed to prove a desertion. He admittedly left the defendant, who continued living in their New Jersey home, so that his case neces-

sarily required proof of a constructive desertion by the defendant. *Campbell* v. *Campbell*, 110 Conn. 277, 279. Both parties were lacking in refinement and the credibility of neither was of a high order. Such shortcomings as the defendant was shown to possess were insufficient to justify the plaintiff's leaving the home. He failed to prove his main claim that it was impossible to live with the defendant. Ibid.

It should be added that counsel for the plaintiff exhibited commendable patience in presenting a case where each of his witnesses was beset with linguistic difficulties. It was impossible, however, to overcome the inherent factual weakness of the plaintiff's case.

Judgment may enter for the defendant.