## MATTHEW POLTZ v. LORETTA L. C. POLTZ

SUPERIOR COURT      FAIRFIELD COUNTY.      FILE NO. 73573

Memorandum filed November 20, 1946.

*Joseph I. Davidson, & Jeroll R. Silverberg,* of Stamford, for the Plaintiff.

KING, J. A finding of actual notice to the defendant is made as to the original complaint and the substituted complaint; and to Alice Poltz, of Linden, New Jersey, the first wife of the plaintiff, as to the substituted complaint.

Paragraph 6 of the complaint is not found proven insofar as it alleges that the plaintiff was domiciled in this state at the time of the marriage to the defendant on June 14, 1943. On that day neither party was resident or domiciled in Connecticut, and no reason appeared in the evidence for the insertion of any such allegation.

However, it is found that the plaintiff is now, and continuously since about November 1, 1945, has been, a resident of Connecticut, as is set forth in the writ, and that during said period he has had his domicil here. The defendant has never had either residence or domicil here.

Paragraphs 1, 2, 3, 4 and 5 of the substituted complaint are found proven. It is also found that neither the plaintiff nor defendant was ever in Mexico and that therefore the purported Mexican decree of divorce is a nullity, so that the purported marriage to the defendant of June 14, 1943 was a nullity. *Murdock* v. *Murdock*, 4 Conn. Sup. 19.

The remaining question is one of jurisdiction.

The rule given in the Restatement, Conflict of Laws, § 115 (1), is that the jurisdictional requirements for an action for annulment are the same as for an action for divorce. If that rule were to be followed, there would be no jurisdiction here to grant annulment. Id., § 113. However, the Connecticut jurisdictional rule as to divorce differs from that laid down in the Restatement, §§ 111, 112, 113, and comment (g). Our rule is that there is jurisdiction to grant a divorce good against collateral attack if one of the parties is domiciled, and resident for the statutory length of time in the state of the forum. *Morgan* v. *Morgan*, 103 Conn. 189, 195; *Fuzessi* v. *Fuzessi*, 14 Conn. Sup. 255, 256.

Here we have no statutory length of time, since this is not a divorce action. Indeed it is not even an action for annulment. Rather, it is an action for declaratory judgment. For this purpose the domicil and residence of the plaintiff, as proved in this action, are sufficient to confer jurisdiction. See General Statutes, § 5188, as amended by Sup. 1939, § 1316. *Murdock* v. *Murdock*, supra, Beale, Conflict of Laws, p. 510, § 115.1.

It therefore follows that the court, under the Connecticut rule, has jurisdiction to grant the declaratory judgment as prayed for, especially since the first wife, who, although not a party, is necessarily affected by the decree, has been served with a substituted complaint. Practice Book, § 250(d). It would have been better to have made her a party, since the failure so to do makes the decree ineffective as to her and leaves the whole question open for relitigation by her. Id. § 253.

The plaintiff is entitled to a declaratory judgment that he is not legally married to this defendant and such a judgment may enter.