LOUISE M. MILLER v. LESLIE W. MILLER ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 67294

Memorandum filed January 3, 1947.

*William L. Tierney* and *William L. Tierney, Jr.,* both of Greenwich, for the Plaintiff.

*David R. Lessler,* of Bridgeport, for the Defendants.

O'SULLIVAN, J. This is an action for a declaratory judgment. All of the parties are nonresidents. Service on the defendants was had by registered mail. They appeared specially and filed a plea in abatement, which was overruled. Thereupon they entered a general appearance and answered, but reserved, however, their rights to contest the jurisdiction of this court. *Coyne* v. *Plume,* 90 Conn. 293, 297.

The litigation springs from two matrimonial ventures of the defendant, Leslie. He married the plaintiff, Louise, during 1931 at New York, where each of them was domiciled and where, after their marriage, they continued to live. A few years later, the marriage went on the rocks and Leslie left for Florida where he instituted an action for divorce. Service was by publication and subsequently Louise received by mail a notification of the pendency of the action. Nevertheless, she failed to appear, and on April 9, 1942, the court entered a decree of divorce. On July 4, 1942, Leslie came to Connecticut with the defendant, Anna, and at Greenwich they were married by a justice of the peace. Immediately after the ceremony they left the state and ever since have maintained their home at Atlantic Beach, N. Y.

The plaintiff, Louise, seeks a judgment (1) declaring void the Florida decree on the theory that fraud was practiced on the court concerning Leslie's legal residence in that state, and (2) declaring void Leslie's marriage to Anna.

In view of the defendants' express insistence, prefacing their answer, that they do not waive their claim of jurisdiction, that question presents itself at the very outset and must be disposed of, even though the conclusion be at odds with that reached by a colleague in disposing of the plea in abatement. For I take it that the law is that a judge is not bound to follow the decision of another judge made at an earlier stage of the proceedings. *Santoro* v. *Kleinberger,* 115 Conn. 631, 638. Whenever the

absence of jurisdiction is brought to the notice of a court, cognizance of the fact must be taken and the matter determined before it can move a further step in the case. *Marcil* v. *Merriman & Sons, Inc.*, 115 Conn. 678, 682.

Even though the marriage of Leslie and Anna was solemnized in Connecticut, this court is without jurisdiction to declare it a nullity at the request of a stranger to the matrimonial contract. The right to seek that end might very well rest in either Leslie or Anna, as demonstrated in *Murdock* v. *Murdock*, 4 Conn. Sup. 19. This court has no control over the defendants nor over their status, as they are both nonresidents. It becomes legally impossible, then, to declare their marriage a nullity.

As to the court's jurisdiction to declare void the Florida decree dissolving the marriage of Leslie and Louise, one is again confronted by the fact that there is no jurisdiction over the person of the former, nor has this court jurisdiction over their status (assuming them still to be married), because Connecticut is neither the residence nor the domicil of either.

Because of lack of jurisdiction, the case is erased.