■ EMILIE A. MARUM, Respondent, v. FERDINAND H. MARUM, Appellant.— In an action for a separation, the appeal is from a judgment granting respondent a separation and awarding alimony and counsel fees. Judgment modified on the law and the facts by striking therefrom the first and second ordering paragraphs and by substituting therefor a provision dismissing the complaint. As so modified, judgment unanimously affirmed, without costs. Finding of fact numbered IV is modified by deleting therefrom the words "However, I find that the defendant became a resident of Mexico for the time limit required by the Mexican law in order to obtain his divorce." Finding of fact numbered V is modified by deleting therefrom the words "except for the limited period of residence required by the laws of Mexico in order to obtain the divorce." Finding of fact numbered VI is modified by adding thereto the words "except in New York State"; finding of fact numbered 18 is modified by deleting therefrom the words " (except that defendant became a resident of Mexico for the time limit required by Mexican law) ", and the purported finding that appellant is estopped from denying the efficacy of the Mexican decree of divorce is modified by inserting the word "not" between the word "is" and the word "estopped". The parties hereto, both of whom were domiciled in this State, purported to enter into a ceremonial marriage in the State of Connecticut. Prior thereto, appellant, who had previously married one Lily Marum, had instituted a divorce action in Mexico against her, in which she was not served with process in that jurisdiction, and in which she did not appear. The learned trial court found, on sufficient evidence, that appellant appeared personally and testified in the Mexican action and that he did not intend to relinquish his residence in New York, nor to maintain a permanent residence in Mexico. The court refused to find that the Mexican decree of divorce, obtained by appellant, was valid, but concluded that appellant was estopped from denying its efficacy. There was no finding that appellant ever acquired a domicile in Mexico, nor was there any evidence which would have supported such a finding if one had been made. Under the circumstances, there was not the slightest semblance or color of jurisdiction in the Mexican court, and appellant was therefore not estopped to deny the validity of its decree (*Caldwell* v. *Caldwell*, 298 N. Y. 146; *Alfaro* v. *Alfaro*, 5 A D 2d 770; cf. *Rosenbaum* v. *Rosenbaum*, 309 N. Y. 371, 376). The Mexican decree may not therefore be recognized in the courts of this State. Neither would it have been recognized in the State of Connecticut (cf. *Poltz* v. *Poltz*,

15 Conn. Supp. 75; *Matter of Blackwell,* 5 Conn. Supp. 190; *Chetelat* v. *Chetelat,* 4 Conn. Supp. 209; *Ringhoffer* v. *Ringhoffer,* 1 Conn. Supp. 35; *State* v. *Cooke,* 110 Conn. 348; *Rice* v. *Rice,* 134 Conn. 440, affd. 336 U. S. 674). Respondent's contention that appellant did not present evidence to establish that, at the time of his marriage to Lily Marum, she was free to marry him (*Apelbaum* v. *Apelbaum,* 7 A D 2d 911) may not be advanced for the first time on appeal (cf. *Lindlots Realty Corp.* v. *County of Suffolk,* 251 App. Div. 340, affd. 278 N. Y. 45; *Wells* v. *Fisher,* 237 N. Y. 79; *Wright* v. *Wright,* 226 N. Y. 578; *Archer* v. *City of Mount Vernon,* 171 N. Y. 639). Neither is respondent entitled to an allowance of alimony by virtue of section 1140-a of the Civil Practice Act. That section applies only in actions brought to annul a marriage, or to declare the nullity of a void marriage. The power of the court is statutory and may not be extended beyond that conferred by the Legislature. The award of counsel fees was left to the .determination of the trial court, which had authority to make the award (Civ. Prac. Act, § 1169). We find no improvident exercises of discretion in connection therewith. Nolan, P. J., Wenzel and Hallinan, JJ., concur; Murphy and Ughetta, JJ., concur on the authority of *Alfaro* v. *Alfaro* (5 A D 2d 770) but adhere to their views expressed therein.