## GRETA WHITE *v.* JOHN WHITE

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 5569
AT STAMFORD

Memorandum filed November 12, 1963

*Godlin, Rondos & Godlin,* of Stamford, for the plaintiff.

*William F. Hickey, Jr.,* of Stamford, for the defendant.

MacDonald, J.  In this action, the plaintiff wife, in the first count of the complaint, sets up a claim for divorce on grounds of intolerable cruelty; in the second count, a claim that a purported decree of divorce obtained by the defendant husband in Alabama is void for lack of jurisdiction; and in the third count, a claim that, if valid, the Alabama decree is ambiguous in that it incorrectly sets forth the terms of a purported agreement between the parties, approved by the Alabama court, concerning alimony and support for a minor child of the parties.  Although the prayers for relief are somewhat confusing, the plaintiff apparently seeks (1) primarily a decree that the Alabama divorce is void, (2) secondarily, if it is so found to be void, a brand new decree of divorce for herself on grounds of intolerable cruelty, and (3) as a last resort, if the Alabama decree is found to be valid, a modification of that decree, as a decree of this court, with respect to payments of alimony and support as provided therein.

This matter was referred, by stipulation on file, to the Honorable Samuel Mellitz, as a committee, to

hear the parties and make a finding of facts, and the specific question raised by this motion is as to whether the conclusions of fact reached by the referee in his report, dated August 9, 1963, as amended September 4, 1963, were properly reached on the basis of the subordinate facts and the applicable law. If so, the conclusions should not be disturbed. *Altman* v. *Hill*, 144 Conn. 233; *Housing Authority* v. *Pezenik*, 137 Conn. 442.

The legal issue raised is as to whether the referee was in error, under our law, in making the findings set forth in paragraphs 20 and 21 of his report, to the effect that "the domicil of the defendant continued to be in Connecticut at all times during the pendency of the Alabama divorce action" and that the defendant "never established a home in Alabama and Alabama was not his bona fide domicil." On the basis of subordinate findings which were not attacked by defendant, the conclusions of fact set forth in paragraphs 20 and 21 were inescapable under our law. The defendant was in Alabama only two days, never appeared or testified in court there, is and for many years has been a fireman in the city of Stamford, had no intention of giving up his residence in Connecticut or of making his home in Alabama and went there on a twenty-four-hour round-trip plane flight for the sole purpose of obtaining an Alabama decree and returning home with it in his pocket.

The plaintiff wife, of course, has never been in Alabama and, in this case, did not even appear by counsel under a power of attorney of the type used to give Nevada decrees some semblance of honesty. She did sign, under some apparent pressure, a so-called "Answer and Waiver," which recited that she accepted service of the bill and complaint filed in Alabama (which document she never actually

saw) and which was signed by a justice of the peace who was present but who did not purport to take plaintiff's acknowledgment. In other words, this was "instant divorce" of a type to end all package-deal divorces obtainable in this country and, under our system of justice for all, is entitled to just exactly the consideration the learned referee gave it.

As stated by the United States Supreme Court in *Williams* v. *North Carolina,* 325 U.S. 226, 232, "the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact." That, of course, is the law of this state. See *Hooker* v. *Hooker,* 130 Conn. 41, 49; *Melillo* v. *Melillo,* 18 Conn. Sup. 397, 399. Domicil in Alabama on the part of the defendant was a necessary condition precedent to the jurisdiction of the Alabama court and is a proper subject for reexamination by the courts of this state. *Rice* v. *Rice,* 134 Conn. 440, 445; *State* v. *Cooke,* 110 Conn. 348, 351; *Gildersleeve* v. *Gildersleeve,* 88 Conn. 689, 693. And a decree of divorce may be attacked collaterally in this state by proof that the court granting it had no jurisdiction, even where the record purports to show jurisdiction, without violating the full faith and credit clause of the constitution. *Murdock* v. *Murdock,* 4 Conn. Sup. 19.

The Alabama Code, title 34, § 29 (1958) requires a one-year residence by the plaintiff in Alabama. In Alabama, domicil and residence are synonymous for purposes of divorce jurisdiction. *Gee* v. *Gee,* 252 Ala. 103. The defendant's one-night stand in Alabama could under no stretch of anyone's imagination—that of the referee, this court or the Alabama court—give the defendant an Alabama domicil upon the factual circumstances brought out in the

evidence before the referee and upon the findings of the referee which were not attacked. The referee's conclusions were soundly based upon both subordinate facts and law, and his report is accepted.

Since it was found that "defendant's conduct toward the plaintiff was not of a nature to warrant being characterized as intolerable cruelty," the prayers for a decree of divorce, custody, support and alimony under the first count are denied.

Under the second count, judgment may enter declaring the decree of divorce obtained in Alabama to be void and of no effect upon the findings and conclusions of the report of the referee as amended and on file. Under this view of the case, the relief sought under the third count becomes a moot question.