in providing ·the claimant with machinery and appliances reasonably safe and suitable for his use, and to keep such machinery and appliances in repair. The claimant's proof shows very clearly that the state was negligent in this respect, and the decision that it was not was against the weight of evidence. The claim of the state that, even if there was negligence, it was the negligence of a co-servant, cannot be sustained upon the proof, because where defective machinery is furnished by a master in violation of the rule above stated the rule which exempts him from liability for injury through the negligence of a fellow servant does not apply. Kain v. Smith, 25 Hun,. 146, affirmed 89 N. Y. 375; Rollings v. Levering, 18 App. Div. 223,. 45 N. Y. Supp. 942.

Nor can it be held upon this evidence that the claimant assumed the risk. It appears that Mr. Coman had knowledge of the defect in the apparatus, and that the claimant did not have such knowledge. It is true that there is much evidence that there was .trouble in operating the lever so as to disengage the cogs, and that slight repairs were made a few times in an attempt to remedy the trouble, and that the claimant had knowledge of these matters; but there is no testimony that he knew that the hammer in falling was likely to jar the cogs into position after they were disengaged, so that the handles would be set into such rapid motion as to cause them to break and injure him. It cannot, therefore, be said that the risk was an obvious one to the claimant. He had worked there but two or three days before the day of the accident, and the proof is that all he knew about the defective workings of the machine was that the cogs were not easily thrown out of gear.

Upon the proof, we think that the learned trial court was in error in dismissing the claim. The judgment should be reversed, and a new trial granted, with costs to the claimant to abide the event. All concur.

---

(108 App. Div. 126.)

### YORK v. NEW YORK, O. & W. RY. CO.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. APPEAL—REVIEW—THEORY OF CASE.

Where an action against a railroad for the death of plaintiff's decedent in a crossing accident was essentially a case for damages for negligence, and was so submitted to the jury, a verdict for plaintiff, set aside by the trial court, cannot be sustained on appeal on the theory that defendant had created a nuisance by wrongfully obstructing the highway at the place of the accident.

2. SAME—RULINGS AS LAW OF CASE.

A charge to which no exception is taken or request made to charge on a different theory becomes the law of the case, and a party cannot on appeal contend that the jury might have decided the case on a theory different from that announced in the charge.

3. RAILROADS—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Where, in an action against a railroad for death of plaintiff's husband in a crossing accident, there was no evidence that deceased looked or listened as he approached the crossing, there was no error in setting aside a verdict for plaintiff on the ground that there was not sufficient

95 N.Y.S.—70

evidence to warrant the jury in finding that decedent was free from contributory negligence, though there was proof that deceased was driving his horse slowly when he was approaching the crossing.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1043–1056.]

Appeal from Trial Term, Sullivan County.

Action by Mary York, as administratrix, etc., of Jesse York, deceased, against the New York, Ontario & Western Railway Company. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

George H. Smith, for appellant.
Carpenter & Rosch, for respondent.

CHESTER, J. The action is one to recover damages for the death of plaintiff's husband, who it is alleged was killed by one of defendant's locomotives where its railway crosses the highway at Centerville station, Sullivan county. On the trial the plaintiff had a verdict, which was set aside by the learned trial justice, on the ground that the plaintiff had failed to show the absence of contributory negligence on the part of the intestate, and that there was no evidence from which the jury could properly infer such absence. Plaintiff's counsel urges here, as he did in the trial court, that there was sufficient in the complaint and in the proof to support the verdict, on the theory that the defendant had created a nuisance by wrongfully obstructing the highway at the place of the accident with piles of snow, upon one of which the decedent was overturned upon the defendant's tracks while he was riding in a sleigh drawn by a single horse, and killed. It is insisted that in such a case it is not incumbent on the plaintiff to prove the absence of contributory negligence on the part of the decedent in the first instance, but that the burden to show that was upon the defendant, if it claimed that there was such negligence. But the sufficient answer to this theory is that, while there were allegations in the complaint that snow had been carelessly and negligently piled by the employés of the defendant in the highway at the railroad crossing, "making said crossing very dangerous, unsafe, and extrahazardous when dark, and being the immediate cause of the death of said Jesse York, caused by the gross negligence of the defendant," and while there was proof in support of these allegations, the case was tried wholly and simply as one for negligence, and not as one for damages for maintaining a nuisance in the highway.

The complaint contains but a single cause of action. It alleges many acts of negligence on the part of the defendant other than piling snow in the highway, and is essentially and wholly one for damages for the alleged negligent killing of the decedent. The trial justice submitted the case to the jury as one solely for negligence. In his charge he said to the jury:

"Before this plaintiff can recover, she must establish affirmatively to your satisfaction, by a preponderance of evidence, two things: that there was no negligence upon the part of her husband that contributed to the hap-

pening of this accident; and, second, that it happened solely and entirely through the negligence of the defendant. Both these propositions must concur. No matter how negligent the defendant was, she cannot recover if her husband was also negligent, and that negligence contributed to this unfortunate accident. I said she must establish it affirmatively. That means practically this: that the railroad company is not bound to prove anything. It is not bound to prove that it was not negligent; she must prove that it was. The railroad company is not bound to prove that York was negligent; she must prove that he was not."

The court also stated the same principles in other language in other places in its charge. The learned counsel for the plaintiff did not in any way except to this charge, or request the court to charge on the theory that the action was one for damages for maintaining a nuisance, or to charge that it was not incumbent on the plaintiff to prove the absence of contributory negligence. The charge as made, therefore, became under the implied consent of plaintiff's counsel, by his not excepting thereto, the law of the case, and he cannot now be heard to say that the jury might have decided the case on the theory now insisted upon by him, for no such question was submitted to them.

It is also urged on behalf of the plaintiff that there was sufficient evidence to warrant the jury in finding that the decedent was free from contributory negligence. There was proof that he was driving his horse slowly when he was approaching the crossing, but there was no evidence that he looked or listened as he approached the crossing, and the court so charged. This being so, we think the learned trial justice properly set aside the verdict in plaintiff's favor, and no reason has been shown why we should interfere with his discretion in so doing.

The order should be affirmed, with costs. All concur.