ANTHONY FISHER, Respondent, *v.* WAKEFIELD PARK REALTY COMPANY, Appellant.

*Fisher* v. *Wakefield Park Realty Co.*, 135 App. Div. 808, modified. (Argued June 12, 1911, decided October 3, 1911.)

APPEAL from a judgment of the Appellate Division, of the Supreme Court in the second judicial department, entered January 15, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

*Francis B. Wood, Alfred G. Reeves* and *Ambrose G. Todd* for appellant.

*Adrian M. Potter* for respondent.

HISCOCK, J.   Respondent has recovered on two causes of action.   The first one was based on a contract made with the appellant for filling and grading certain streets on a tract of land in which it was interested; the second one was for work performed in grading and preparing for use a certain public street which appellant itself had undertaken to grade and prepare under a contract with the city of Yonkers.

Without going too much into details I find no reason for reversing the judgment which has been entered so far as it rests on the first cause of action.   Appellant's counsel advances various reasons why the judgment should be reversed as to that cause of action, as, that the work was to be paid for on measurements of an engineer and that the surface of the street was to be left in a certain condition and that the evidence did not show compliance with these provisions.   It is sufficient to say that if there were any such defects in the plaintiff's evidence they were not made the basis for any motion to dismiss this cause of action.   Apparently the motion for a nonsuit was only directed at the second cause of action, but even if this is otherwise no break in plaintiff's evidence such as is now complained of was pointed out.   If it had been, it is quite possible that it might have been remedied.

On the other hand, I think that the judgment, so far as it is based on the second cause of action, must be reversed, and the verdict so distinguished the amount awarded on each cause of action, that it is entirely feasible to affirm the judgment as to one cause of action and to reverse it as to the other.

As has been indicated, the appellant itself made a contract for grading and filling Sterling avenue, which is the street involved in the second cause of action.   After it had done this it became anxious for some reason to sublet the contract to respondent at a less price than that for

which it had engaged to do the work. The contract between the parties to this action contemplated an assignment of the original contract with the municipality upon its consent and upon the consent of the bonding company, which had given an undertaking conditioned for the faithful performance by appellant of its contract. Neither the municipality nor the bonding company, however, was willing to consent to this arrangement, and it fell through. The respondent then appears to have entered into a contract with the appellant by which he was to do the work which it had agreed to do, and in accordance with the provisions and requirements of its contract with the municipality, and also he was to give to the appellant a bond for the faithful performance by him of his contract. In view of what is to be said later it is especially to be noted that the respondent was to receive his pay in accordance with certificates of performance made by the commissioner of public works of the city of Yonkers, under the original contract with the appellant. I should judge that such payments as were made by appellant to respondent under their contract were made by simply turning over certificates which the appellant had received from the city. But however this may be, the respondent testified: " I was to get my pay as the Commissioner of Public Works found it to be due under the contract."

The main defense to this cause of action is that the respondent stopped work before he had completed his contract, and, therefore, is not entitled to recover any balance for work which he had completed before stopping and which had not been paid for. In avoidance of this defense the learned trial judge permitted the jury to find that the respondent discontinued work for either one of two sufficient reasons. One was that the appellant stopped him because he had not given a bond, and in connection with that I suppose the trial judge intended to allow the jury to determine whether the respondent was guilty of any fault in not giving a bond, so that the appellant could rightfully stop him. The second reason was that the appellant

did not make payments to respondent as he was entitled to them under his contract, and that, therefore, he was justified in refusing to proceed further. This is the ground explicitly stated by respondent in his testimony as the one upon which he rests his refusal to proceed with the work, and this complaint against appellant is limited to its alleged failure to make payment to him as justified and required by a certificate issued by the commissioner of public works for one month, December. It is conceded by respondent that he had received pay in accordance with all of the certificates issued by said commissioner down to said month, but it is insisted that for said month said commissioner issued to appellant a certificate for further work completed under the contract which entitled him to pay and which the appellant refused to give. In my opinion there is no evidence which justified the jury in finding any such default on the part of the appellant. The respondent originally attempted to testify in a very general way that such a certificate for said month was issued, but, on cross-examination, his assertions on that point substantially faded away. Later the appellant called a witness who, although not asked by counsel to state his position, was apparently the commissioner of public works. In his evidence he absolutely and positively denied that any certificate had been issued for the month in question, and whereby respondent would have become entitled to further payments from appellant. Subsequently the respondent himself took the stand, and made no attempt to contradict or qualify the testimony of this witness. Therefore, I think that the conclusion is quite justified that there was no evidence to sustain this feature of respondent's case.

In accordance with these views the judgment should be affirmed as to the first cause of action, without costs, and reversed and a new trial granted as to the second cause of action, with costs to abide event.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.