WILLIAM WELLS, Respondent, *v.* GEORGE FISHER, Appellant.

Real property — provision of lease giving lessee " first privilege of purchasing " demised premises on specified dates during term of lease — lessor having refused to sell, lessee brings action to have it declared that the contract should have given the lessee an unqualified right to purchase — erroneous holding by Appellate Division that action was for specific performance, not an action for reformation.

1. Appellate courts should be slow to change the theory of an action and give final judgment, unless it is quite apparent that the parties have not been misled, and that they have had full and adequate opportunity to meet and answer the new view.

2. A lease of real property contained a provision that the lessee, the plaintiff herein, was to " have the first privilege of purchasing " the demised premises on a specified date of any year during the term of · the lease for a designated consideration to be paid as in the lease provided. During the life of the lease plaintiff notified lessor, the defendant herein, that he had determined to exercise his option on a certain day, one of those specified in the lease, and that he was ready and willing to comply with the terms of the option and demanded a deed. The defendant refused to give a deed and insisted that the plaintiff had no option which he could exercise in the absence of the defendant's willingness to sell. The plaintiff brought this action, not for specific performance, which is the customary way of enforcing a valid option to purchase, but for a reformation of the contract so it would give plaintiff the unqualified privilege of purchasing. The action was tried as one for reformation, the trial court giving judgment for defendant. Upon appeal therefrom the Appellate Division reversed the Trial Term and gave to the plaintiff a judgment for specific performance upon the ground that the practical effect of the agreement was, that on any of the dates specified, the plaintiff, having given notice, had the " first privilege " to buy on the terms stated. If he failed to exercise the right, the defendant was at liberty to sell to another on his own terms. If he did not sell, the life of the privilege continued during the term, and the defendant was bound to sell if the option was exercised. This was error. The purpose of the action, as stated by plaintiff's counsel upon the trial, as well as the· issue

framed by the pleadings, was for reformation and must be so considered by the appellate courts.

*Wells* y. *Fisher*, 205 App. Div. 212, reversed.

(Argued October 19, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered June 4, 1923, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff.

*Walter J. Welch* for appellant. The Appellate Division erred in making new findings of fact and reversing the judgment of the trial court and granting judgment of specific performance for plaintiff. (*Brantingham* v. *Huff*, 174 N. Y. 53; *Buckmaster* v. *Thompson*, 36 N. Y. 558; *Milliman* v. *Huntington*, 68 Hun, 258; *Crouse* v. *Frothingham*, 97 N. Y. 105; *Geer* v. *Clark*, 83 App. Div. 292; *Gross* v. *Gorsch*, 124 App. Div. 834; *Davis* v. *Epoch Producing Corp.*, 91 Misc. Rep. 631; *Stanton* v. *Miller*, 58 N. Y. 192; *Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93; *Greene* v. *Smith*, 160 N. Y. 533; *Husted* v. *Van Ness*, 158 N. Y. 104; *Stephens* v. *Meriden Brittania Co.*, 160 N. Y. 178.)

*Wordsworth B. Matterson* for respondent. The Appellate Division had power to reverse the judgment on the law and facts and substitute new findings of fact and conclusions of law and order judgment to be entered thereon. (*Herman* v. *U. S. Trust Co. of N. Y.*, 221 N. Y. 143; *Lamport* v. *Smedley*, 213 N. Y. 82.)

CRANE, J. The defendant, George Fisher, on the 3d day of October, 1914, leased Nos. 138 and 140 James street, Syracuse, N. Y., to the plaintiff, William M. Wells, for the terms of ten years. The lease contained the following clause:

" It is hereby agreed by and between the parties hereto

that the party of the second part is to have the first privilege of purchasing said building and premises of the party of the first part on the first day of October of any year during the term of this lease for the sum of Twenty-three Thousand Dollars ($23,000), plus the cost of the building of the water closet hereinbefore mentioned, the said Twenty-three Thousand Dollars ($23,000), plus the cost of building the closet, to be paid as follows: the said William Wells is to pay George Fisher, his heirs, executors, administrators or assigns the sum of Five Thousand Dollars ($5,000) at the time of purchasing said property, at which time the said George Fisher agrees to take back a bond and mortgage for Eighteen Thousand Dollars ($18,000), plus the cost of building the closet herein mentioned, to secure the balance of said purchase price, which mortgage is to bear interest at the rate of six per cent per annum, payable annually, the principal sum of which mortgage is to be paid as follows: the sum of Fifteen Hundred Dollars ($1500.00), together with interest on the unpaid principal, on the first day of October on each and every year after the date thereof, the said William Wells to have the privilege of paying as much more than Fifteen Hundred Dollars ($1500.00) on the principal sum as he desires in any year, provided he pays the same when the interest becomes due and payable as herein specified."

In the month of August, 1921, during the life of the lease, the plaintiff notified the defendant that he had determined to exercise his option on the first day of October, 1921, and that he was ready and willing to comply with the terms of said option, and demanded a deed. The defendant, having refused to give a deed, and insisting that the plaintiff had no option which he could exercise in the absence of the defendant's willingness to sell, this action was commenced.

Apparently there was something in the wording of the

option which created a doubt in the mind of the plaintiff. It may have been caused by the phrase of the option: " the first privilege of purchasing." Why the word " first " was used is not quite clear. The action which the plaintiff commenced was not the ordinary action for specific performance, which is the customary way of enforcing a valid option to purchase. The plaintiff brought this action for reformation. Quoting from and referring to the lease and that portion of it containing the option, the complaint states in the fourth paragraph the following:

" That said lease did not express or contain the agreement to give this plaintiff the unqualified privilege of purchasing said property as above described and did not give an unqualified option to this plaintiff but same was inadvertently or by mistake qualified to such an extent as to render such option and privilege inoperative or to give the plaintiff any option which could be exercised by him during the term of said lease to purchase the property according to the terms of said written agreement specified."

If this lease did not contain the agreement of the parties the plaintiff would be likely to know the fact. If he says that the writing was by mistake so qualified as to render the privilege inoperative and his lawyer says the same thing, why should the courts determine for the plaintiff that it means what he says it does not mean? The defendant, on the other hand, says that the agreement does contain what the parties had in mind, and that the plaintiff was to have the first privilege of purchasing, should he, the defendant, conclude to sell.

On the trial of the action the following statements were made:

" The Court: I am going to deny your motion with reference to the reformation of the contract, and give you an exception. I will reserve decision with reference to specific performance until I hear the proof.

" Mr. Matterson: The action is not brought for specific performance.

" The Court: I am giving Mr. Welch the benefit of the doubt on that. I will reserve decision until after I hear the proof.

" Mr. Matterson: If it is necessary for us to eliminate specific performance in this action we desire to do it."

The complaint was for reformation. The action was tried as one for reformation, the court giving judgment for the defendant.

The Appellate Division reversed the Trial Term and gave to the plaintiff a judgment for specific performance, assigning as a reason that the option needed no reformation, but expressed fully and clearly the intention of the parties. We doubt whether this can be so in the face of the statement of the plaintiff and his counsel that the option does not state what was intended; on the contrary states what the defendant claims it to mean.

We are not wholly agreed that the clause in question has the meaning which the Appellate Division has given to it. In the opinion that court states:

" The practical effect of the agreement was that on any October 1, the plaintiff having given notice had the ' first privilege ' or option to buy on the terms stated. If he failed to exercise the right, the defendant was at liberty to sell to another on his own terms. If he did not sell, the life of the privilege continued during the term, the defendant was bound to sell if the option was exercised."

In other words, on one day of each year, for a period of ten years, the defendant might sell his property, first to the plaintiff, and if he did not want it, to anybody else. It may be that the clause has this meaning. Then again it may not. There must be some doubt about it or else the plaintiff would never have brought this action to reform the contract.

Whatever else may be said, the fact remains that by

the use of the word " first," some uncertainty exists in the meaning of the option. Due to this uncertainty the action was brought and tried as one for reformation and the defendant has had judgment upon that theory.

The Appellate Division has found no uncertainty in the meaning of the lease and has given judgment for specific performance. We think the defendant should have his day in court to defend such an action. There might be equities which would cause the court to refrain from decreeing specific performance. In an action which was declared by the plaintiff and his attorney to be one for reformation and not for specific performance, it may be that the defendant had been misled regarding his rights. We think that in view of what is here stated, the purpose of this action as stated by plaintiff's counsel and the issue framed by the pleadings, the action was one for reformation and must be so considered by the appellate courts.

Appellate courts should be slow to change the theory of an action and give final judgment, unless it is quite apparent that the parties have not been misled, and that they have had full and adequate opportunity to meet and answer the new view.

For these reasons the judgment appealed from must be reversed and that of the trial court reinstated, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.