OSCAR B. LONDON, Appellant, v. JENNIE JOSLOVITZ, Individually and as Executrix of JACOB JOSLOVITZ, Deceased, Respondent.

Third Department, January 9, 1952.

*Arthur B. Ewig* and *Abraham Streifer* for appellant.

*Alexander Pfeiffer* for respondent.

Coon, J. On February 12, 1941, defendant and her husband, as owners, rented certain business property in the city of Kingston to the plaintiff for a period of ten years, by written lease which contained many provisions relative to the possible purchase of the premises by the plaintiff at the end of the term. The initial reference to any right of purchase is contained in paragraph 14 of the lease and provides that the tenant " shall have the first right, option and privilege of purchasing said premises and the fixtures therein * * * on the 1st day of March 1951, free and clear of all incumbrances, for the sum of * * * ($45,000.00) ''. The lease then provides for the terms of payment, if the tenant purchases the property, in precise detail. The lease is much too long to here set forth in full, but suffice it to say, it contains many references to the tenant's right to purchase which might be construed as entirely consistent with an absolute right to purchase, and, it is urged, are inconsistent with a conditional right to purchase. In all such instances, however, words of reference are used such as " as hereinbefore provided,'' which must be construed as referring back to paragraph 14. Even a modification agreement subsequently made, in referring to the option to purchase, uses the words, " as provided in the aforesaid leases ''.

The first cause of action, with which we are dealing, alleges that the option to purchase was exercised, due notice thereof given, and seeks specific performance. It does not allege that the landlord is willing to sell or has offered or intends to offer the premises for sale to others. The theory of the complaint generally is that the plaintiff asserts an absolute and unconditional option to purchase. The question, and only question, squarely presented, is whether the plaintiff acquired an absolute and unconditional option to purchase or only a first right of refusal if the landlord desired to sell, as determined from the language of the lease alone.

It is the well-established law of this State that a " first right, option and privilege of purchasing '' is not an absolute option, but merely an option conditioned upon the owner's willingness to sell, or a " first refusal '' if he offers the premises for sale to others. (*R. I. Realty Co.* v. *Terrell,* 254 N. Y. 121; *Burbach* v. *Sinram,* 237 N. Y. 600; *Wells* v. *Fisher,* 237 N. Y. 79; *Forma* v. *Moran,* 273 App. Div. 818.)

It is true that the lease here contains more provisions respecting the option than the cases cited, which counsel for appellant persuasively urges distinguish this case and shows a different intent of the parties. It is wholly inescapable, however, that in

order to construe this instrument as an absolute and unconditional option to purchase, that word " first " must be eliminated or ignored. This, the Court of Appeals has said squarely, may not be done. (*R. I. Realty Co.* v. *Terrell, supra.*)

The order should be affirmed, with $10 costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Order affirmed, with $10 costs. [See *post,* p. 957.]