LEO H. WARD, Respondent, v. TODD W. COWARD et al., Appellants.— Interlocutory judgment reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: The Official Referee has found that the instrument in question was an unconditional option to purchase appellants' stock for a period of five years from its date. The last sentence of the instrument reads: "It is hereby agreed and understood that I, the said Todd W. Coward, will not offer this stock to any other person, considering this a first option on the said stock." We think that sentence was explanatory of the instrument and constituted it as a "first option" or a "first right of refusal." If at any time during the five-year period appellant desired to sell his stock the instrument required him to give respondent Ward the first right of purchase. If he did not desire to sell there was nothing in the agreement to compel him to do so. We find no am-

biguity in the instrument and the parol evidence on the question of intent or meaning was inadmissible. The instrument being a "first option" or "first privilege to buy" did not grant an absolute option and the complaint should have been dismissed. (*R. I. Realty Co.* v. *Terrell*, 254 N. Y. 121, and cases cited therein; see, also, *Forma* v. *Moran*, 273 App. Div. 818, and *London* v. *Joslovitz*, 279 App. Div. 252.) All concur. (Appeal from an interlocutory judgment directing defendant Coward to specifically perform an agreement to sell to plaintiff certain shares of stock in defendant corporation.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.