FRANK C. LA BUE, Respondent, v. TILO ROOFING COMPANY, INC., Appellant.— In an action to recover damages for injury to plaintiff's property as the result of defendant's negligence in work preliminary to the installation of a new roof by it, defendant pleaded an affirmative defense in its answer that plaintiff had agreed in the written contract for the work that defendant was not to be liable "for any interior damage either to building or contents." On April 28, 1952, an order was entered, on defendant's consent, granting plaintiff's motion to strike out this defense for insufficiency. At the trial defendant moved to amend its answer to include the defense struck out by the order of April 28, 1952. The motion was denied. This is an appeal by defendant from the judgment entered on the verdict of a jury in favor of plaintiff and bringing up for review the said order of April 28, 1952. Judgment unanimously affirmed, with costs. The defense sought to be restored at the trial is insufficient. The contract provision on which defendant relies was not intended to become effective, by its very terms, until completion of the contract and full payment by the customer, neither of which conditions was here present. The limitation of liability contained in the contract was not intended to be a limitation of liability for negligence. Appeal from order of April 28, 1952, dismissed, without costs. An order entered on consent is not appealable. (*Norton & Siegel, Inc.,* v. *Nolan,* 276 N. Y. 392, 394.) Wenzel, MacCrate, Schmidt and Beldock, JJ., concur; Adel, Acting P. J., concurs in result. [See *post,* pp. 739, 762.]