■ In the Matter of the Arbitration between BROWN-TURNER, INC., Appellant, and COMPLETE MACHINERY & EQUIPMENT CO., INC., Respondent. COMPLETE MACHINERY & EQUIPMENT CO., INC., v. BROWN-TURNER, INC., Appellant.— Order vacating portions of an arbitration award modified on the law, and as so modified affirmed, with costs to appellant. Special Term was in error in disturbing that portion of the award which found petitioner-appellant was entitled to $18,425 on its claims. The arbitrators did not exceed their powers in awarding damages to appellant since its claims were not restricted to a demand for damages for delay. Since the award to appellant could have included these other items of damage, there was no legal basis for vacating it because of the provision of the contract regarding $25 a day as liquidated damages for delay. (*Matter of Deering Milliken* [*Boepple Mills*], 4 A D 2d 652.) On the other hand, Special Term properly found that the arbitrators had exceeded their powers in allocating administration expenses of the arbitration. In view of the contractual provision that "each of the parties shall pay one-half of the expenses of arbitration", the arbitrators had no power to apportion the expenses in any other manner. However, since the quantum of the expenses is fixed and undisputed, the court can correct the award to conform to the agreement in that regard without the necessity for remitting the matter to the arbitrators for that purpose. The order is therefore modified to the extent of confirming the award of the arbitrators except insofar as the award provides for an unequal division of fees and the administrative expenses. The award in the latter respect is corrected so as to direct the sharing of the administrative expenses equally between the parties; and as so modified the order is affirmed. Settle order. Appeal from the order denying a rehearing is dismissed, without costs, as academic. Settle order. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.

■ AMCO PLASTIC MATERIALS, INC., Respondent, v. HARRY SLONE, Appellant.— This is an appeal from an order denying the defendant's motion to dismiss the complaint (Rules Civ. Prac., rules 112, 113). The action is one in which the plaintiff, a tenant in a building owned by the defendant, seeks specific performance of an option for additional space contained in its lease with the defendant. In paragraph 31st of the agreement, the plaintiff had an absolute option for additional space until May 31, 1956. Paragraph 32d provides, in part, that "On and after June 1, 1956 and so long as the lease

shall remain in full force and effect the tenant shall have the first option to rent all or part of the remaining space". The remaining portion of the paragraph provides for matching a bona fide offer for the rental of the space and for notice under such circumstances. Special Term held that an absolute option was granted under paragraph 32d and was "defeasible only" upon the tenant's failure to match a bona fide offer made by another for the space. We cannot adopt that view. To approve the conclusion reached by the learned court below would require us to disregard the key word "first" preceding the word "option" and, in addition, to ignore the manifest intent of the parties by the segregation of the absolute option granted in paragraph 31st from the "first option" contained in paragraph 32d. We find no ambiguity in the agreement. We must hold that a "first option to rent * * * the remaining space" in the context in which it is employed in the agreement, is not absolute, but merely an option conditioned on the defendant's willingness to let the space in the first instance, or if the premises were sought by another, a first right to match a bona fide offer. If the defendant determined to keep the remaining space unoccupied, there is nothing in the instrument to compel him to do otherwise. (*R. I. Realty Co.* v. *Terrell,* 254 N. Y. 121; *Burbach* v. *Sinram,* 237 N. Y. 600; *Forma* v. *Moran,* 273 App. Div. 818; *London* v. *Joslovitz,* 279 App. Div. 252; *Ward* v. *Coward,* 281 App. Div. 798.) The order is unanimously reversed on the law, with $20 costs and disbursements, and the motion to dismiss the complaint is granted. Concur — Botein, P. J., Breitel, Frank, Valente and McNally, JJ.