Motion for leave to reargue the appeal herein and for an order modifying the decision of this court, determining said appeal, filed herein on the 18th day of February, 1958, is granted, the aforesaid decision is recalled and the order entered thereon on the 18th day of February, 1958 is vacated; and, upon sueh reargument, this appeal is disposed of as follows: This is an appeal from an order denying the defendant’s motion to dismiss the complaint (Rules Civ. Prac., rules 112, 113). The action is one in which the plaintiff, a tenant in a building owned by the defendant, seeks specific performance of an option for additional space contained in its lease with the defendant. In paragraph 31st of the agreement, the plaintiff had an absolute option for additional space until May 31, 1956. Paragraph 32d provides, in part, that “ On and after June 1, 1956 and so long as the lease shall remain in full force and effect the tenant shall have the first option to rent all or part of the remaining space”. The remaining portion of the paragraph provides for matching a bona fide offer for the rental of the space and for notice under sueh circumstances. Special Term held that an absolute option was granted under paragraph 32d and was “ defeasible only ” upon the tenant’s failure to match a bona fide offer made by another for the space. We cannot adopt that view. *979 To approve the conclusion reached by the learned court below would require us to disregard the key word “ first ” preceding the word “ option ” and, in addition, to ignore the manifest intent of the parties by the segregation of the absolute option granted in paragraph 31st from the “ first option ” contained in paragraph 32d. We find no ambiguity in the agreement. We must hold that a “ first option to rent * * * the remaining space ” in the context in which it is employed in the agreement, is not absolute, but merely an option conditioned on the defendant’s willingness to let the space in the first instance, or if the premises were sought by another, a first right to match a bona fide offer. If the defendant determined to keep the remaining space unoccupied, there is nothing in the instrument to compel him to do otherwise. (R. I. Realty Co. v. Terrell, 254 N. Y. 121; Burbach v. Sinram, 237 N. Y. 600; Forma v. Moran, 273 App. Div. 818; London v. Joslovitz, 279 App. Div. 252; Ward v. Coward, 281 App. Div. 798.) The order is unanimously reversed on the law, with $20 costs and disbursements, and the motion to dismiss the complaint is granted, with leave to the plaintiff, however, to serve an amended complaint, pleading a cause of action under paragraph 32 of the lease not inconsistent with the views expressed herein, and a cause of action under paragraph 31 of the lease, if it be so advised. Said amended pleading is to be served within 20 days after the entry of the order to be settled hereon. Settle order.
Concur — Botein, P. J., Breitel, Frank, Valente, McNally, JJ.