William R. Brennan, Jr., J.
Motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.
This action seeks specific performance of an option to sell real property. The option is contained in a lease executed by defendants in May, 1957. A copy of the option is annexed to the complaint. Insofar as pertinent, it provides that during the four-year term of the lease, the lessees (plaintiffs) would have “ the first option to purchase ” the premises for various amounts depending upon the year in which the option was exercised. It is also provided that if during the four-year period the sellers received an offer to purchase the premises for less than the amounts theretofore specified, the lessees would have the right to buy the premises at the lower amount if they exercised their option within 15 days after submission to them of the offer.
The complaint alleges that on February 17, 1961 the plaintiffs served a notice in writing of their election to exercise the option and accompanied said notice by a signed contract of sale and a certified check in accordance with the provisions of the option.
*1073 The position of the defendant Adelina Sergio is that the complaint contains no allegation to the effect that, the property has been offered for sale and, therefore, the plaintiffs have no right to demand specific performance of their option.
In London v. Joslovitz (279 App. Div. 252, 253) the court said:
‘ ‘ It is the well-established law of this State that a ‘ first right, option and privilege of purchasing ’ is not an absolute option, but merely an option conditioned upon the owner’s willingness to sell, or a ‘ first refusal ’ if he offers the premises for sale to others. (R. I. Realty Co. v. Terrell, 254 N. Y. 121; Burbach v. Sinram, 237 N. Y. 600; Wells v. Fisher, 237 N. Y. 79; Forma v. Moran, 273 App. Div. 818).”
Since here, as in the London case, the plaintiffs do not allege that the defendants are willing to sell or have offered the premises for sale to others, it follows, as in the London case, that the motion to dismiss pursuant to rule 106 of the Buies of Civil Practice must be granted.
The plaintiffs rely upon Wells v. Fisher (205 App. Div. 212) to support their complaint. The Appellate Division was reversed (237 N. Y. 79) on another ground. But in R. I. Realty Co. v. Terrell (254 N. Y. 121, 125) in referring to the Wells ease, the court stated: “ That case was reversed in 237 N. Y. 79, upon another ground. In the opinion it Avas clearly pointed out that this court did not approve the decision of the Appellate Division upon the question involved in this case.” (Emphasis supplied.) The question involved in the R. I. Realty Go. case was, did the lessee have an absolute option to buy under a provision granting “ first privilege to buy ”. The court Avrote (254 N. Y. 121, 124, 125): “ To construe the clause in accordance with the contention of the respondent would require that the Avord ‘ first ’ be eliminated. With that word eliminated, the privilege to buy Avould be absolute and enforceable. * * * Therefore, it must have been used to prevent the agreement from constituting an absolute option to sell. The phrase ‘ first privilege to buy ’ and the Avords ‘ privilege to buy ’ have an entirely different meaning; one is conditional and the other absolute. This court has decided in actions for specific performance that agreements substantially like the one in question could not be enforced in an action in equity.”
Contrary to proper practice, in this motion under subdivision 4 of rule 106 of the Buies of Civil Practice both parties submitted affidavits. While certain of the facts contained in these affidavits might be appropriate in an action for reformation of the lease, they have not been considered in the determination of this motion. The complaint is dismissed.