ETHEL MOSES, as Aministratrix of the Estate of DAVID MOSES, Deceased, Respondent-Appellant, v. CITY OF NEW YORK, Defendant, CONSOLIDATED EDISON CO. OF NEW YORK, INC., et al., Respondents, and H. R. H. CONSTRUCTION CORPORATION et al., Appellants-Respondents. H. R. H. CONSTRUCTION CORPORATION, Third-Party Plaintiff Respondent-Appellant, v. KINGSBORO CONSTRUCTION CO., INC., Third-Party Defendant-Appellant, and SIDNEY V. LIPKINS et al., Doing Business at LIPKINS-KAHN Co., Third-Party Defendants-Respondents. CITY OF NEW YORK, Fourth-Party Plaintiff, v. KINGSBORO CONSTRUCTION CO., INC., et al., Fourth-Party Defendants. BROADWAY MAINTENANCE CORP., Fifth-Party Plaintiff, v. KINGSBORO CONSTRUCTION CO., INC., Fifth-Party Defendant. LINKO CORPORATION, Fifth-Party Plaintiff-Respondent, v. KINGSBORO CONSTRUCTION CO., INC., Fifth-Party Defendant-Appellant.—

No such order is printed in the record. H. R. H. Construction Corporation was the contractor for the erection of the buildings to be constructed in a large co-operative apartment project, sponsored by Linko Corporation, and was paid by Linko. Decedent was an employee of Kingsboro Construction Co., Inc., the subcontractor for the concrete foundation work, hired by H. R. H. A crane with a boom 100 feet long, from which a bucket was suspended, and which was operated by a fellow employee of decedent, was used to transport concrete from the truck where it was mixed to the forms to be filled. Decedent's job was to guide the bucket by hand and to empty the concrete into the forms. He was electrocuted when the cable holding the bucket either touched a high tension wire, about 30 feet above the ground, or came into such close proximity to it that the current arced from the wire to the cable. The wire had been installed by Broadway Maintenance Corp., apparently at the request of Lipkins-Kahn Co., the original owners of the property, to supply light and power to the development office on the premises. In our opinion, the finding of fact implicit in the jury's verdict, that H. R. H. and Linko violated their common-law and statutory duty to afford decedent a safe place to work, was supported by the proof. We are also of the opinion that the cause of action for conscious pain and suffering was properly dismissed by the trial court, as there was no proof that decedent was conscious and suffered pain following the accident. While it is doubtful that plaintiff is in a position to urge that the court erred in dismissing the complaint against Edison at the close of her case, in view of her virtual acquiescence in such ruling (cf. *Peterson* v. *Swan,* 119 N. Y. 662; *La Bue* v. *Tilo Roofing Co.,* 282 App. Div. 710, affd. 306 N. Y. 890), the dismissal was correct in any event in view of the absence of any proof of negligence on the part of such defendant. The verdict in favor of Broadway Maintenance was justified. On the record presented the jury could have found that Broadway had not retained supervision or control over the wires after they had been installed; and we find no error in the court's charge with respect to the liability of such defendant. Plaintiff may not now argue that Edison and Broadway Maintenance may be held liable on the ground that they created a nuisance, such theory neither having been pleaded nor submitted to the jury (cf. *Lindlots Realty Corp.* v. *County of Suffolk,* 278 N. Y. 45, 50; *York* v. *New York, Ontario & Western Ry. Co.,* 108 App. Div. 126; *Jewtraw* v. *Davis,* 277 App. Div. 918). The proof supported the finding that Kingsboro was actively negligent and that H. R. H. and Linko were only passively negligent; and the judgment over was therefore properly directed in favor of H. R. H. and Linko, against Kingsboro (cf. *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 328). The question of whether there had been a violation by H. R. H. and Linko of a rule promulgated by the Board of Standards and Appeals, pursuant to section 241 of the Labor Law, precluding a recovery over by them (cf. *Rufo* v. *Orlando,* 309 N. Y. 345, 350), was not urged by Kingsboro at the trial and was not saved for review in this court (cf. *Sterrett* v. *Third Nat. Bank of*

*Buffalo,* 122 N. Y. 659; *Fisher* v. *Wakefield Park Realty Co.,* 203 N. Y. 539, 540; *Wells* v. *Fisher,* 237 N. Y. 79, 84; *Lindlots Realty Corp.* v. *County of Suffolk,* 278 N. Y. 45, 50, *supra*). The other contentions of the appellants have been considered. We find nothing therein which requires a reversal of the judgment. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.