Frank A. Gulotta, J.
This is an action to reform an agreement contained in a lease dated May 1,1957, for a term of four years between the plaintiffs as tenants and the defendants as landlords.
The lease gives a “ first option ” to the plaintiffs to purchase the rented premises for $35,000 during the first year of the term, and for various increased amounts during the succeeding years. Contending that “ first option ” was no different from an absolute right to purchase, plaintiffs purported to exercise their alleged right in the fourth year for the stated price of $40,000 and when it was refused by defendant Adelina Sergio, brought an action for specific performance. The complaint in that action was dismissed by Justice Brennan (30 Misc 2d 1072) who pointed out the established law to the effect that such language conferred no right to buy from an unwilling seller, but only a right of first refusal, if the owner elected to sell, citing London v. Joslovitz (279 App. Div. 252) and R. I. Realty Co. v. Terrell (254 N. Y. 121).
*669 Thereupon this action was commenced to reform the instrument and then to enforce it as revamped.
Adelina Sergio, who is the only defendant to oppose the plaintiffs’ demands, is a person 73 years old, with no formal education, who can neither read nor write in any language. Her husband from whom she is separated, and who lives in Florida, wants to sell the property and so he has entered no defense. However, he was served with process in Florida and I am not at all sure that such service gives the court jurisdiction of him in an action for reformation, the subject of which is an unrecorded contract. This is to be distinguished from the specific performance action in which there undoubtedly would be in rem jurisdiction, but which depends for its effectiveness on proper jurisdiction in the first cause.
See Corpus Juris Secundum (vol. 76, p. 431) where it is stated: ‘ ‘ Personal or constructive service. With respect to the necessity of personal service of process on a nonresident defendant, a suit to reform a written instrument is sometimes regarded as an action in personam, and so personal service of process within the state has been held necessary in a suit to reform a lease by substituting different rentals for those specified therein. However, not every suit to reform a written instrument is considered an action in personam; and, accordingly, on the ground that such actions are actions or proceedings in rem or quasi in rem, and not in personam, constructive service or service by publication has been held proper in an action to reform or correct a deed or mortgage ’ ’.
Justice Mbyeb’s decision in this case dealt with separating the reformation action into separate causes and not with separating specific performance from reformation and did not, in any event, deal with the jurisdictional question but merely with a problem in pleading.
Aside from the constitutional questions of “due process”, our statute (Civ. Prac. Act, § 232) does not provide for nonpersonal service in a reformation action; and in a similar type of case, an action to quiet title under article 15 of the Real Property Law, subdivision 4 of section 506 provides for reforming only instruments of record.
In any event, it is clear that the affidavit of Rosalbino Sergio which conceded plaintiffs’ right to succeed and was offered as an admission against interest, is entitled to no probative value. If the court has jurisdiction of him, it added nothing to his admission of the complaint accomplished by his default, and if the court does not, the affidavit is incompetent, since it is not binding on the codefendant.
*670 The plaintiffs were allowed to testify as to what they understood the option agreement to mean, simply because there was no objection to that type of testimony. More properly they should have testified as to what was said by each of the parties in words or substance, because the inquiry here is — was there a meeting of the disclosed minds of the parties ? What they may have subjectively understood is irrelevant and incompetent in deciding if there was a meeting of minds.
The plaintiffs’ case in a nutshell is that there was a unilateral mistake on their part as to what the words used in the agreement meant; that their true legal import was explained to Adelina Sergio by her lawyer, but it was not explained to them, and that therefore they are entitled to a reformation because of mistake on one side and fraud on the other.
This reasoning is fallacious for several reasons. First, because it is not a fraud to fail to tell well-educated people what plain English words mean when you do not legally represent them and they do not request such an explanation. Second, even when a fraud has been perpetrated, a contract cannot be reformed unless there has been a meeting of minds which the fraud has caused not to be expressed in the agreement. Otherwise the court would be rewriting the agreement in accordance with the understanding of only one of the parties. To illustrate, if A and B agree on a lease at $1 per foot rental and then sign a lease for $5,000 rent, because A represents that there are 5,000 square feet in the building, when in fact there are but 4,000, the lease can be reformed, whether A made an innocent mistake (mutual mistake) or A acted fraudulently (unilateral mistake plus fraud). (Kass v. Garment Center Realty Co., 209 App. Div. 647.) However, if A represents that a business has yielded a gross profit of $5,000 per year and B agrees to pay $10,000 for it, when it turns out that the profit was grossly overstated, the court cannot scale down the purchase price, for to do so would be to make an agreement which the parties themselves never made. All the court could do would be to rescind the transaction and award damages. Nothing is clearer in this case, than that Adelina Sergio for personal reasons never intended to sell this property where she made her home. She made this clear in her conversations and the writing says nothing to the contrary.
Arguing too against plaintiffs’ contention that they understood this to be an absolute option, is the fact that at their request there was added to the typed agreement a handwritten addendum to the effect that if the lessors received a lower offer and were willing to sell at that price they, the plaintiffs, would have the right to buy at the lower price. This would seem to show that *671 the initiative for deciding to sell was to remain with the owners since the idea of the owner dealing with anyone else is inconsistent with the existence of an outstanding absolute option.
The effect of this agreement was to give plaintiffs a first refusal at the stated price no matter how high another offer might be, and at the same time to give them the benefit of a lower price, but all necessarily dependent on the owner’s election to sell.
For these reasons, I am of the opinion that plaintiffs cannot succeed and judgment is therefore rendered in favor of defendant Adelina Sergio, with costs.