Frank A. G-tjlotta, J.
This is an application to confirm the report of a Referee in a partition action and for an interlocutory judgment of sale.
Defendant Hess, who appeared in the action but interposed no defense, now opposes this motion in an indirect way by making a number of unusual requests. He has an agreement with the plaintiff Blankman which gives him a right of first refusal should the plaintiff decide to sell the property which is the subject of this action and which consists of three interior parcels that are only accessible over the lands of others, including Hess and Blankman. He now proposes that the judicial sale to be ordered herein provide that he be allowed to exercise the above right as against any purchaser by matching the amount bid at the sale within two weeks.
He did not appear before the Referee or offer any proof on the best method of selling the property, but he now proposes that it be sold both in separate parcels and as a unit to see which brings the more money. He also suggests that access to the landlocked parcels be given over adjourning parcels without stating a basis therefor. In fact, no legal authority is cited for either proposition.
*756 On the other hand, the plaintiff suggests that Hess’ option is fully protected by his right to bid at the sale. This, of course, is not so, since the power to outbid someone in an auction is quite different from an option to purchase the property at the price of the successful bidder’s bid, whoever he may be.
Lastly, I do not agree that the option agreement is invalid because by virtue of its failure to specify a termination date, it unlawfully suspends the power of alienation. Firstly, by its terms it is personal to Hess and, therefore, will terminate on his death. Furthermore, it does not suspend the power of alienation, since there are people in being at all times who can convey a fee title. See 1 Rasch, Real Property Law and Practice, (§ 549, pp. 335-336) which states: “ Application of Rule; Options. —■ It is fundamental that the absolute power of alienation is suspended only when there are no persons in being by whom an absolute fee in possession can be conveyed. Where there are living parties who unitedly have the entire right of ownership, the statute has no application. Accordingly it is well settled that an option to buy real property, which may be exercised beyond the limits of the prescribed number of lives; e.g., any time within a definite period of years, does not suspend the power of alienation; for, the owner and the optionee are in being, and either they or their successors can convey a fee by their united action.”
It seems to me, however, that defendant has mistaken his remedy, assuming that he has one. His position essentially amounts to a denial of plaintiff’s right to partition and it should have been pleaded as a defense since there is no authority to set up some new type of partition sale. Carmody-Wait, New York Practice (vol. 14, § 92, p. 626) states: “ It is a well-settled rule that equity will not award partition at the suit of one in violation of his own agreement. So, an agreement not to bring an action for partition is a good defense.” And further: “ An action for partition cannot be maintained where it would tend to defeat the performance of a contract.”
This court expresses no opinion on the merits of such a defense since there is no motion before it to open defendant’s default, but it is apparent that defendant’s right of first refusal will be extinguished by a sale and that, therefore, his rights must be determined first, if they are to be determined at all.
In this State, it was long ago decided that a first option is not absolute and is dependent on the owner’s willingness to sell and that a first refusal comes into play only when he offers the premises to others. (London v. Joslovitz, 279 App. Div. 252; R. I. Realty Co. v. Terrell, 254 N. Y. 121.) Since a first refusal cannot *757 apply to a judicial sale, the issue then becomes, is the partition action itself a violation of the agreement?
Coming down to the Referee’s report, nothing is said in it relative to the existence of an easement of necessity, although this would seem to be of paramount importance if a sale is to realize a fair price for the property. Otherwise, bidders would necessarily be restricted to adjoining owners. Rasch (op. cit. supra) states (§ 750, p. 467): “It is well settled that where a tract of land is conveyed which is separated from the highway by other lands of the grantor or surrounded by his lands or by his and those of third persons, there arises by implication in favor of the grantee, a way of necessity across the premises of the grantor to the highway. In other words, if one grants a piece of land in the midst of his own, he thereby impliedly grants a way to reach it. ’ ’
I think that detailed findings in this regard should be made so that a prospective buyer wall know in advance exactly what he is bidding on. Accordingly the motion is denied at the present time and the matter remitted to the Referee for further proof and findings as herein indicated.